UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

CITY OF PONTIAC GENERAL          :    Civil Action No. 1:11-cv-05026(JSR)(RLE)
EMPLOYEES' RETIREMENT SYSTEM,    :
Individually and on Behalf of All Others   :
Similarly Situated,                    :
                               :
                Plaintiff,      :
                               :
     vs.                      :
                               :
LOCKHEED MARTIN CORPORATION,    :
ROBERT STEVENS and BRUCE TANNER,  :
                               :
             Defendants.   :
———————————————————— x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF CITY OF PONTIAC GENERAL EMPLOYEES' RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

City of Pontiac General Employees' Retirement System (the "Retirement System") respectfully submits this memorandum of law in support of its motion for: (1) appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (2) approval of its selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel for the class.

## I.      INTRODUCTION

Presently pending in this district is a securities class action lawsuit (the "Action") on behalf of purchasers of Lockheed Martin Corporation's ("Lockheed" or the "Company") common stock between April 21, 2009 and July 21, 2009, inclusive (the "Class Period"), against the Company, Robert Stevens (CEO, President and Chairman), and Bruce Tanner (CFO)  for violations of the Securities Exchange Act of 1934 (the "1934 Act").

In securities class actions, the PSLRA requires district courts to appoint as lead plaintiff the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."   15 U.S.C. §78u-4(a)(3)(B)(i).   The Retirement System should be appointed as lead plaintiff because it: (1) timely filed this motion; (2) to its counsel's knowledge, has the largest financial interest in the relief sought by the class; and (3) will fairly and adequately represent the interests of the class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the Retirement System's selection of Robbins Geller as lead counsel for the class should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.     FACTUAL BACKGROUND

Lockheed engages in the research, design, development, manufacture, integration, operation, and sustainment of advanced technology systems and products in the areas of defense, space, intelligence, homeland security, and government information technology in the U.S. and internationally.

The complaint alleges that defendants issued materially false and misleading statements regarding the Company's business and prospects during the Class Period. Specifically, defendants misrepresented and/or failed to disclose the following adverse facts: (a) that the Company was experiencing significant performance issues with several projects in the Information Systems & Global Systems ("IS&GS") division and would not be receiving anticipated awards; (b) that growth in the IS&GS division was slowing as the Company lost contracts and other contract awards were contested; and (c) that, as a result of the foregoing, defendants lacked a reasonable basis for their positive statements about the Company, its earnings and prospects.

On July 21, 2009, Lockheed announced its financial results for the second quarter of 2009. Among other things, the Company reported disappointing results in its IS&GS division. Following the issuance of the press release, Lockheed held a conference call to discuss the reported earnings and the Company's operations. During the conference call, defendants described the problems facing the IS&GS division and admitted that the Company was not performing according to expectations in that important division.

In response to information that the IS&GS division was not performing according to expectations and had not generated anticipated fee awards, the price of Lockheed common stock declined from $82.11 per share to $75.13 per share on extremely heavy trading volume. Analysts were quick to note that the Company had recently promised increasing growth in the IS&GS division and expressed surprise at the sudden negative news.

## III.   ARGUMENT

### A.   The Retirement System Should Be Appointed as Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the

- 2 -

pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint.  15 U.S.C. §78u-4(a)(3)(A)(i).  Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  The Retirement System meets these requirements and should therefore be appointed as lead plaintiff.

### 1.        The Retirement System's Motion Is Timely

The notice published in the Action on July 20, 2011 advised class members of: (1) the pendency of the Action; (2) the claims asserted therein; (3) the proposed Class Period; and (4) the right to move the Court to be appointed as lead plaintiff by September 18, 2011.  *See* Declaration of Samuel H. Rudman in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Selection of Lead Counsel ("Rudman Decl."), Ex. A.  September 18th was a Sunday.  Thus, pursuant to Rule 6(a)(1)(C), the "next day that is not a Saturday, Sunday, or legal holiday" is Monday, September 19, 2011.  Fed. R. Civ. P. 6(a)(1)(C).  Because the Retirement System's motion is timely filed, it is entitled to be considered for appointment as lead plaintiff.

### 2.        The Retirement System Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, the Retirement System purchased more than 2,600 shares of Lockheed common stock and lost almost $17,000 as a result of defendants' alleged misconduct.  *See* Rudman Decl., Exs. B-C.  To the best of its counsel's knowledge, there are no other plaintiffs with a

larger financial interest.  Therefore, the Retirement System satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. The Retirement System Satisfies Rule 23 of the Federal Rules of Civil Procedure at This Stage

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  "At the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a "preliminary showing" that it will satisfy the typicality and adequacy requirements of Rule 23.'"  *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (citation omitted).  "'Typicality' 'requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the  same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'"  *Id.* at 173-74 (citation omitted).  "'The adequacy requirement is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class. . . .'"  *Id.* at 174 (citation omitted).

The Retirement System purchased Lockheed common stock during the Class Period at prices artificially inflated by defendants' materially false and misleading statements and/or omissions and suffered damages when the truth leaked into the market.  The Retirement System's claims therefore arise from the same factual predicate as those in the complaint.  *See Sgalambo*, 268 F.R.D. at 174. In addition, the Retirement System is not subject to unique defenses and there is no evidence that it seeks anything other than the greatest recovery for the class consistent with the merits of the claims. As such, the Retirement System satisfies the typicality and adequacy requirements at this stage.

**B.      The Court Should Approve the Retirement System's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

The Retirement System has selected Robbins Geller to serve as lead counsel.  *See* Rudman Decl., Ex. D.  Robbins Geller "has extensive experience litigating securities class actions and, therefore, has the ability to conduct the litigation effectively."  *Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*, No. CV 09-3007 (SJF) (AKT), 2010 U.S. Dist. LEXIS 103218, at *16 (E.D.N.Y. Aug. 17, 2010).  Indeed, "Robbins Geller has served as lead or co-lead counsel in numerous securities class actions, including *In re Enron Corp. Sec. Litig.*, No. 01-H-3624. . . (S.D. Tex.[]), as well as several cases filed in the district courts within the Second Circuit."  *Id.* at *18.  Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, the Retirement System's selection of Robbins Geller as lead counsel should be approved.

**IV.     CONCLUSION**

The Retirement System has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  Therefore, the Retirement System respectfully requests that the Court grant its motion for appointment as lead plaintiff, approve its selection of counsel and grant such other relief as the Court may deem just and proper.

DATED:  September 19, 2011                Respectfully submitted,

                                          ROBBINS GELLER RUDMAN
                                            & DOWD LLP
                                          SAMUEL H. RUDMAN
                                          DAVID A. ROSENFELD
                                          EVAN J. KAUFMAN
                                          MARIO ALBA JR.


                                          _____
                                                  /s/ Samuel H. Rudman
                                               SAMUEL H. RUDMAN

                                          58 South Service Road, Suite 200
                                          Melville, NY  11747
                                          Telephone:  631/367-7100
                                          631/367-1173 (fax)
                                          srudman@rgrdlaw.com
                                          drosenfeld@rgrdlaw.com
                                          ekaufman@rgrdlaw.com
                                          malba@rgrdlaw.com

                                          [Proposed] Lead Counsel for Plaintiff

                                          SULLIVAN, WARD, ASHER & PATTON, P.C.
                                          CYNTHIA J. BILLINGS
                                          25800 Northwestern Highway
                                          1000 Maccabees Center
                                          Southfield, MI 48075-8412
                                          Telephone:  248/746-0700
                                          248/746-2760 (fax)
                                          cbillings@swapp.com

                                          Additional Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I, Samuel H. Rudman, hereby certify that, on September 19, 2011, I caused a true and correct

copy of the attached:

Memorandum of Law in Support of the Motion of City of Pontiac General Employees'
Retirement System for Appointment as Lead Plaintiff and Approval of Selection of Lead
Counsel

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by

first-class mail to any additional counsel.


_/s/ Samuel H. Rudman_
Samuel H. Rudman