# Exhibit L

NYCLA COMMITTEE ON PROFESSIONAL ETHICS
FORMAL OPINION
No. 729 AMENDED


**TOPIC:**

PAYMENT OF FEES OF COUNSEL FOR A WITNESS

**DIGEST:**

A LAWYER ETHICALLY MAY ADVANCE COUNSEL FEES TO A THIRD PARTY WITNESS UNDER DR7-109

**CODE:**

DR 5-101(A); DR 5-103(B); DR 5-107(B); DR 7-104(A); DR 7-109(C); EC 2-8; EC 2-9; EC 5-2; EC 5-23; EC 7-28

**QUESTION:**

A lawyer proposes to obtain testimony and/or evidence through an informal interview of a former employee of a corporate adversary. The former employee has agreed to the interview, but has requested that she be represented by counsel of her choice, and that the costs of counsel be advanced by the inquirer. Assuming the consent of inquirer's client (who will remain ultimately liable for such expenses), may the lawyer advance the costs of counsel to the witness? Alternatively, assuming that the witness has made no such request, may the lawyer suggest to the witness that she be represented by counsel, and offer to advance the costs of such counsel?

**OPINION:**

As a preliminary matter, we note that DR 7-104(A) prohibits communication by a lawyer with any person the lawyer knows to be represented by counsel in the matter. The rule applies to all parties represented by counsel in a matter, including witnesses. Assuming the witness here is not already represented by a lawyer, the contact by the inquirer with a former employee of a corporate adversary would not be prohibited. *See Niesig* v. *Team I*, 76 N.Y.2d 363, 558 N.E.2d 1030, 559 N.Y.S.2d 493 (1990) (DR 7-104(A)(1) applies only to current employees, not to former employees). The inquirer may not, however, seek to discover privileged communications of the corporate adversary to which the former employee was privy through the interview of the former employee. *See* N.Y. State 700 (1998) (attorney engaged in *ex parte* contacts with former employees of corporate adversary may not seek to obtain from former employees information that might be protected under the attorney-client privilege or the work product doctrine).

1

Whether a lawyer (with the consent of the client) may advance the expense of a witness's counsel, or offer to make independent counsel available to a witness, is governed by DR 7-109(C) of the Code of Professional Responsibility, which provides that:

> A lawyer shall not pay, offer to pay, or acquiesce in the payment of compensation to a witness contingent upon the content of his or her testimony or the outcome of a case. But a lawyer may advance, guarantee, or acquiesce in the payment of:
>
> > (1) Expenses reasonably incurred by a witness in attending or testifying.
> >
> > (2) Reasonable compensation to a witness for the loss of time in attending, testifying, preparing to testify or otherwise assisting counsel.
> >
> > (3) A reasonable fee for the professional services of an expert witness.

The answer to the inquiry, in our view, turns on whether the fees of counsel are "[e]xpenses reasonably incurred by a witness in attending or testifying" within the meaning of DR 7-109(C)(1)

The rationale underlying DR 7-109(C) is "to prevent compensation that would have a tendency to lead to the 'production of fraudulent evidence and to the giving of falsely colored testimony as well as to [the prevention of] outright perjury'." N.Y. State 668 (1994) (citing N.Y. State 547 (1982)). That opinion distinguishes payment which "enhances the truth seeking process by easing the burden of testifying witnesses . . . [and that which] serves to hinder the truth seeking process because it tends to 'influence' witnesses to 'remember' things in a way favorable to the side paying them." *Id.*

In the Committee's view, the payment or provision of counsel to a third-party witness should not be viewed as a payment to influence the content of a witness's testimony. There are a number of reasons why a witness may wish to be represented by counsel in an interview or in formal discovery proceedings, or in preparing for these events, and a number of reasons why counsel to a litigant may wish to have a third-party witness represented by counsel. By way of example, counsel may assist a witness in understanding complex litigation, or may provide advice to a witness with potential liability **(*e.g.*, in regard to the employee's common law (or contractual) obligation to not reveal trade secrets)**, or may simply comfort a witness who would otherwise experience discomfort if unrepresented by counsel. *Cf.* DR 7-104(A)(2) (lawyer may not give advice to unrepresented person whose interests may conflict with those of the lawyer's client, "other than the advice to secure counsel"). In all events, the witness represented by counsel will have the benefit of a legal representative with the duty to protect the interests of that witness.

2

On the other hand, we see little risk that the presence of counsel to a witness will interfere with or hinder the truth seeking process. Indeed, the lawyer for the witness may not permit the "person who recommends, employs, or pays the lawyer . . . to direct or regulate his or her professional judgment in rendering such legal services . . . ." DR 5-107(B). "Since a lawyer must always be free to exercise professional judgment without regard to the interests or motives of a third-person, the lawyer who is employed by one to represent another must constantly guard against erosion of professional freedom." EC 5-23. The lawyer employed to represent a witness must exercise his professional judgment solely for the benefit of the client, and may not accept the employment if the lawyer's connections to or relationship with the referring lawyer (or his client) will affect adversely the advice to be given or services to be rendered the prospective client/witness. *See* DR 5-101(A); EC 5-2.

**Given our expressed belief that the presence of counsel to a witness enhances the truth seeking process, we read DR 7-109(C)(1)'s words "attending or testifying" to include attending the proposed interview and (by necessary imputation) to include expenses incurred by the witness in consulting with counsel in regard to the impending interview.**

Finally, we have considered whether the gratitude of the witness for the payment of counsel fees reasonably may be expected to influence the witness's testimony. We think not. Such a payment is of no use to the witness outside of the litigation, which distinguishes such payment from compensation otherwise prohibited by DR 7-109(C). Accordingly, it would not be unethical to advance the costs of counsel to a witness in connection with providing evidence, including in preparing to testify.

Although we believe that counsel may "advance, guarantee, or acquiesce in the payment of" legal fees of a third-party witness under DR 7-109(C), and may also suggest that the witness be represented by counsel and offer to advance the costs of such counsel, we note the following three limitations applicable to the proposed conduct. First, as set forth in EC 7-28, a lawyer should not pay a non-expert witness "an amount in excess of reimbursement for expenses and financial loss incident to being a witness." Accordingly, the scope of the services that may be reimbursed are only those that are reasonably incident to representation of the witness in connection with the interview and fact-gathering process. Payment for unrelated services could be a prohibited financial inducement under DR 7-109(C). Second, the selection of a lawyer by a third-party witness "should not be . . . [the] result of pressures and deceptions." EC 2-9. It would be improper to knowingly recommend to a third-party witness a lawyer who would be unable to provide independent professional judgment to the witness, free of compromising influences and loyalties. *See* EC 2-8 (lawyer selection process should be the result of disinterested and informed recommendation). Third, the client must consent to, and remain ultimately liable for, the payment of the witness's legal fees. DR 5-103(B) (lawyer may advance expenses of litigation, including "costs of obtaining and presenting evidence, provided the client remains ultimately liable for such expenses").

3

To the extent that the proposed conduct raises issues of law, these are beyond the scope of the Committee's jurisdiction and no opinion is expressed thereon.

**CONCLUSION:**

The fees of counsel to a witness -- both for preparation of and in attending testimony -- are "expenses reasonably incurred by a witness in attending or testifying" within the meaning of DR 7-109(C)(1). Accordingly, with client consent, a lawyer may ethically advance or acquiesce in the payment of such fees to a witness, whether at the request of the witness or at the suggestion of the lawyer.

4