# Exhibit M

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BELMONT HOLDINGS CORP., | ) | |
| Plaintiff, | ) ) | |
| v. | ) | CIVIL ACTION NO. |
| SUNTRUST BANKS, INC., *et al.*, | ) ) | 1:09-CV-01185-WSD |
| Defendants. | ) ) | |

**NOTICE OF FILING DECLARATIONS
OF SCOTT A. TRAPANI, CFA**

J. TIMOTHY MAST
Georgia Bar No. 476199
THOMAS B. BOSCH
Georgia Bar No. 068740
TROUTMAN SANDERS LLP
Suite 5200, Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, GA  30308-2216
(404) 885-3000 (voice)
(404) 885-3900 (facsimile)

*Attorneys for the SunTrust Defendants*

2316678v1

Attached hereto as <u>Exhibits A and B</u>, respectively, are Declarations of Scott A. Trapani, CFA, dated September 20, 2011 and September 26, 2011.

Respectfully submitted, this 28th day of September, 2011.

                         <u>/s/ Thomas B. Bosch</u>
                         J. TIMOTHY MAST
                         Georgia Bar No. 476199
                         Email: tim.mast@troutmansanders.com
                         THOMAS B. BOSCH
                         Georgia Bar No. 068740
                         Email: tom.bosch@troutmansanders.com

                         TROUTMAN SANDERS LLP
                         600 Peachtree Street, Suite 5200
                         Atlanta, GA 30308
                         Tel: (404) 885-3591
                         Facsimile: (404) 962-2727

                         *Attorneys for the SunTrust Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing *Notice of Filing Declarations of Scott A. Trapani, CFA* was electronically filed with the Clerk of Court using the CM/ECF system, which serves notification of such filing to all CM/ECF participants.

This 28th day of September, 2011.

*/s/ Thomas B. Bosch*
THOMAS B. BOSCH
Georgia Bar No. 068740

2316678v1

- 3 -

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BELMONT HOLDINGS CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 1:09-CV-01185-WSD |
| ) | |
| SUNTRUST BANKS, INC. et al., ) | |
| ) | |
| Defendants. ) | |

## **DECLARATION OF SCOTT A. TRAPANI, CFA**

I, Scott A. Trapani, CFA, declare as follows under penalty of perjury:

1.    I am over the age of eighteen (18) years, and suffer from no disability or impairment that affects my ability to provide testimony in this case. I have personal knowledge of the facts set forth in this Declaration.

2.    I began working for SunTrust Bank in September, 2005 as the Allowance for Loan and Lease Losses (ALLL) Manager, and, ultimately, was the Group Vice President, Risk Management. In this position, I led the portfolio management and allowance reserve units, and the Reserve Working Group (RWG). The RWG presented initial recommendations regarding the ALLL to the ALLL Committee, which had ultimate responsibility for setting the ALLL estimate.

3. The last day I performed my job at SunTrust was August 28, 2007. I never told the plaintiff's investigators I spoke with regarding this matter that I performed my job function at SunTrust until the end of 2007. During the time that I worked at SunTrust, I never had any discussions regarding the ALLL reserve or process with Ray Fortin and never told plaintiff's investigator that I did. Although I met Jim Wells on a few occasions, I do not recall any specific discussions with him, and do not believe that I ever discussed the ALLL reserve or process with him. I never told plaintiffs' investigator that I had discussions with Mr. Wells regarding the ALLL. My primary contacts regarding the ALLL were with Tom Freeman, and the Senior Vice Presidents of each department, and to a lesser extent with Tom Panther, and I discussed the ALLL with Mark Chancy each quarter during the preparation of the 10-Q. I never had any discussions with any of them regarding the ALLL after August 28, 2007, and never told plaintiff's investigator that I did.

4. I have no personal knowledge of SunTrust's operations and financial affairs after August 28, 2007.

5. I had no involvement in the ALLL process after August 28, 2007 and was not involved in any way in the analysis of SunTrust's loan portfolio or in setting the ALLL estimate for the fourth quarter and year-end of 2007.

6. I have no personal knowledge of any facts or circumstances regarding the underlying data utilized, or the processes and judgments exercised in establishing the ALLL for the fourth quarter and year-end of 2007.

7. Although I was involved in the preparation of the 10-Qs for the first and second quarter of 2007, I was not involved in any way in, and have no personal knowledge regarding, the preparation of the 2007 10-K or in the offering of SunTrust Capital IX trust preferred securities in February 2008.

8. I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 20th day of September, 2011.

Scott A. Trapani, CFA

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BELMONT HOLDINGS CORP., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SUNTRUST BANKS, INC. et al., ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. <br> 1:09-CV-01185-WSD |

## SUPPLEMENTAL DECLARATION OF SCOTT A. TRAPANI, CFA

I, Scott A. Trapani, CFA, declare as follows under penalty of perjury:

1. I am over the age of eighteen (18) years, and suffer from no disability or impairment that affects my ability to provide testimony in this case. I have personal knowledge of the facts set forth in this Declaration. I previously provided testimony in this case in a Declaration dated September 20, 2011, which is true and correct, and I am providing this Declaration to supplement that prior testimony.

2. I had several telephone conferences with private investigators in 2009 and 2010 who told me that they worked for Plaintiffs' counsel, Coughlin Stoia. I never met with any investigators or any lawyers from Coughlin Stoia. Although Coughlin Stoia hired and paid an attorney in 2009 to consult with me regarding my severance agreement with SunTrust, I did not select that lawyer and am not

currently represented.

3. In my last conversation with plaintiff's investigators in 2010, I specifically requested that I be given the opportunity to review, before they were made, any statements they intended to make concerning the information I had provided, so that I could make sure that it was accurate. They assured me that they would give me that opportunity, but they did not. I was never given an opportunity to review the amended complaint or any other filings they made concerning me or the information they now claim I provided to them, before they were filed.

4. Although my severance agreement provided that my employment with SunTrust did not technically end until December 31, 2007, I made clear to plaintiff's investigators that I was not at SunTrust and did not perform my job function after August 28, 2007. I have no knowledge from any source regarding SunTrust's ALLL, reserves, provision, or any other aspect of SunTrust's operations or financial affairs after August 28, 2007.

5. I never told plaintiff's investigators that "flawed data" made it impossible to accurately determine the appropriate reserves. While there were issues with the EDW, my group relied on data from other sources and I was comfortable that the source data was reliable and provided the essential information necessary to estimate the reserves. And, I have no knowledge from

2

any source regarding the underlying data or data sources utilized in setting the ALLL, reserves or provision (or in exercising any judgments or in analyzing in any other aspects of SunTrust's operations or financial affairs) as of December 31, 2007, or at any other time after August 28, 2007.

6. I never told plaintiff's investigator that SunTrust was inadequately reserved as of December 31, 2007. I have no knowledge from any source regarding SunTrust's ALLL, reserves, provision, or any other aspect of SunTrust's operations or financial affairs as of December 31, 2007, or at any other time after August 28, 2007.

7. I never told plaintiff's investigator that I discussed the level of SunTrust's ALLL, reserves or provision, or any other aspect of SunTrust's operations or financial affairs as December 31, 2007 with Jim Wells, Ray Fortin, Mark Chancy, or Tom Panther. I never had any discussions with any of them, or any other SunTrust Defendant, regarding SunTrust's ALLL, reserves or provision, or any other aspect of SunTrust's operations or financial affairs as of December 31, 2007, or at any other time after August 28, 2007.

8. I have no knowledge from any source regarding what opinions or beliefs Wells, Fortin, Chancy, Panther, or any other SunTrust Defendant, held regarding the appropriate level of SunTrust's ALLL, reserves or provision, or any

3

other aspect of SunTrust's operations or financial affairs as of December 31, 2007, or at any other time after August 28, 2007.

9. I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 26th day of September, 2011.

_____
Scott A. Trapani, CFA

4