# Exhibit N

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BELMONT HOLDINGS CORP., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SUNTRUST BANKS, INC., et al.,<br><br>Defendants. | Civil Action File<br>No. 1:09-CV-01185-WSD<br>(Consolidated) |

## ERNST & YOUNG LLP'S MOTION FOR RECONSIDERATION AND INCORPORATED MEMORANDUM OF LAW

John A. Chandler
Ga. Bar No. 120600
Cheri A. Grosvenor
Ga. Bar No. 314360
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
(404) 572-4600
(404) 572-5140 (fax)

Of Counsel:
William A. Barrett
Associate General Counsel
Ernst & Young LLP
5 Times Square
New York, NY 10036-6530
(212) 773-9177 (direct dial)
(212) 773-2388 (fax)

## INTRODUCTION

In accordance with Local Rule 7.2(E), Defendant Ernst & Young LLP ("E&Y") moves this Court to reconsider its September 7, 2011 Order (Dkt. 124) ("Order") denying in part E&Y's motion to dismiss Plaintiff Belmont Holdings Corporation's Amended Complaint. Although Plaintiff's Section 11 claim against E&Y focuses exclusively on E&Y's audit opinions regarding SunTrust's year-end 2007 financial statements and the bank's internal controls, the Court ruled that Plaintiff has stated a Section 11 claim against E&Y with respect to *SunTrust's* purported misstatements in portions of the bank's 2007 Form 10-K other than E&Y's audit opinions. In so doing, the Court decided E&Y's motion on a ground that Plaintiff did not plead and E&Y did not brief. The Court should therefore reconsider its Order.[1]

On reconsideration, E&Y respectfully submits that the Court should dismiss with prejudice Plaintiff's Section 11 claim against E&Y. The Court correctly held that a statement of opinion (like each E&Y audit opinion here) is actionable under Section 11 only if it was subjectively false when issued. Plaintiff has not alleged any particularized facts suggesting (much less showing) that E&Y didn't actually

---

[1] The Court can reconsider and amend an interlocutory order (like the Order here) at any time before final judgment. *See Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000); *Hardin v. Hayes*, 52 F.3d 934, 938 (11th Cir. 1995).

2

believe its audit opinions. *See* Order at 18-20 (Rule 9(b) applies to the Amended Complaint). That is fatal to the Section 11 claim against E&Y.

## BACKGROUND

E&Y's 2007 Audit Report included three audit opinions regarding SunTrust that the bank incorporated into its Registration Statement and Prospectus Supplement:

(1) a GAAP opinion—"In our opinion, the financial statements referred to above present fairly, in all material respects, the consolidated financial position of SunTrust Banks, Inc. and subsidiaries at December 31, 2007 and the consolidated results of their operations and their cash flows for the year ended December 31, 2007, in conformity with U.S. generally accepted accounting principles." *See* SunTrust's 2007 Form 10-K, Dkt. 120-1, at 75;

(2) a GAAS opinion—"We conducted our audit in accordance with the standards of the Public Company Accounting Oversight Board (United States)." *Id.*[2];

(3) and an internal controls opinion—"In our opinion, SunTrust Banks, Inc. maintained, in all material respects, effective internal control over financial reporting as of December 31, 2007, based on the COSO [Committee of Sponsoring Organizations of the Treadway Commission] criteria." *Id.* at 77.[3]

E&Y will refer to those three opinions as the "audit opinions."

---

[2] The GAAP and GAAS opinions appear in E&Y's "Report of Independent Registered Public Accounting Firm." *See* SunTrust's 2007 Form 10-K, Dkt. 120-1 at 75.

[3] The internal controls opinion appears in E&Y's "Report of Independent Registered Public Accounting Firm on Internal Control over Financial Reporting." *Id.* at 77.

Case 1:09-cv-05169-WSD   Document 92-14   Filed 09/28/12   Page 5 of 16

In its Amended Complaint, Plaintiff alleges only that E&Y is liable under Section 11 for purported misstatements in its audit opinions. For instance, in the introductory paragraph to the section entitled "E&Y's Erroneous Statements as to SunTrust's FY 2007 Financial Statements," Plaintiff alleges:

> 196. E&Y incorrectly represented that SunTrust's financial results for FY 2007 were presented in accordance with GAAP and that E&Y's audits and reviews for 2007 of SunTrust's financial statements had been performed in accordance with Generally Accepted Auditing Standards ("GAAS"). Furthermore, E&Y incorrectly represented that SunTrust maintained, in all material respects, effective internal controls over financial reporting, based on COSO criteria. E&Y consented to the incorporation of its negligently false reports on SunTrust's financial statements and effective internal controls in SunTrust's Form 10-K for FY 2007, which was filed with the SEC. E&Y also consented to the incorporation of this same report into SunTrust's Registration Statement and related Prospectus Supplement.

Am. Compl. (Dkt. 102) ¶ 196. This is not a cherry-picked allegation. The sections of the Amended Complaint that relate to E&Y (Am. Compl. ¶¶ 194-215) are full of allegations that peg E&Y's purported Section 11 liability *exclusively* to its audit opinions. *See, e.g.*, Am. Compl. ¶ 95 (quoting the GAAP and GAAS opinions); *id.* ¶ 96 (quoting the internal control opinion); *id.* ¶ 197 (alleging that E&Y's "audit opinion over the effectiveness of SunTrust's internal controls" was "false" and that E&Y's "2007 financial statement audit opinion was also false"); *id.* ¶ 215 ("With respect to SunTrust's internal controls for FY 2007, E&Y falsely represented that

in its opinion the Company had maintained effective internal controls, when it had not.").

Faced with an Amended Complaint that predicates E&Y's liability exclusively on its audit opinions, E&Y did what any defendant would do—it moved to dismiss the Amended Complaint based on the insufficiency of Plaintiff's allegations regarding those opinions. *See* E&Y's Mem. of Law in Supp. of Mot. to Dismiss Am. Compl., Dkt. 114-1, at 22 (noting that its audit report "forms the **sole** basis of Plaintiff's claim" (emphasis added)); *see also id.* at 12 ("Here, Plaintiff alleges that E&Y acted knowingly or recklessly in issuing its 2007 Audit Report."); *id.* at 13 ("Plaintiff alleges that the 2007 Audit Report was inaccurate in two respects," namely, with respect to the GAAP opinion and with respect to the GAAS opinion); *id.* at 14 (arguing that Plaintiff had not specified the "who, what, when, where" necessary to show that "E&Y knowingly or recklessly issued a false audit opinion"). E&Y argued that, among other things, Plaintiff failed to allege particularized facts showing that E&Y's audit opinions were subjectively false— *i.e.*, that E&Y didn't actually believe its audit opinions when it issued them. *See id.* at 22-23.[4]

---

[4] E&Y incorporates by reference its brief in support of its Motion to Dismiss [Dkt. 114-1] and its reply brief in support of its Motion To Dismiss [Dkt. 119]. On reconsideration, the Court should consider all the arguments in those briefs, but

5

If the Amended Complaint based the Section 11 claim against E&Y on something other than E&Y's audit opinions, Plaintiff had ample opportunity to say so in its Opposition to E&Y's Motion to Dismiss. But it didn't.[5] Quite the contrary, Plaintiff reaffirmed that E&Y's alleged Section 11 liability is based on its 2007 audit opinions alone:

> As SunTrust's accountant, E&Y is liable for both (a) false statements it prepared; and (b) false statements prepared by others (such as the issuer) that it certified, and which were incorporated into the Registration Statement. Here, E&Y falsely represented in the Company's Form 2007 10-K that: (1) SunTrust's financial results were presented in accordance with GAAP; (2) E&Y's audits and reviews of SunTrust's 2007 financial statements were performed in accordance with GAAS; and (3) SunTrust maintained, in all material respects, effective internal controls over its financial reporting.

Pl.'s Consol. Opp. to Defs.' Mot. to Dismiss, Dkt. 117, at 37. Indeed, Plaintiff's Opposition to E&Y's Motion consisted of exactly three parts, each corresponding to one of E&Y's audit opinions:

1. E&Y Misrepresented that the Company's Financial Statements Were GAAP Compliant.

---

given Plaintiff's clear failure to allege subjective falsity with particularity, E&Y will focus on the subjective falsity requirement in this Motion.

[5] Had Plaintiff tried to make that argument, it would have found scant support in the Amended Complaint, and certainly nothing particularized. *See* Am. Compl. ¶¶ 58, 198, 200, 206, 231.

6

2.     E&Y Misrepresented that Its Audits of SunTrust's 2007 Financial Statements Had Been Performed in Accordance with GAAS.

3.     E&Y Misrepresented that SunTrust Maintained Effective Internal Controls Over the Company's Financial Reporting.

*See id.* at 38, 40, 43. And within each of those sections, Plaintiff made clear that it was alleging that E&Y's statements of opinion formed the basis for E&Y's alleged Section 11 liability. *See id.* at 38 (alleging that E&Y's statement that the financial statements were "GAAP compliant was false at the time it was made"); *id.* (alleging that "E&Y knew or should have known *its statements* were false") (emphasis added); *id.* at 41 (asserting that "E&Y falsely claimed to have complied with GAAS"); *id.* at 43 (arguing that "E&Y is also liable for *its false statements* concerning the effectiveness of the Company's internal controls") (emphasis added); *id.* (asserting that E&Y's internal control opinion "was both false at the time it was issued, and at the time of the Offering").

E&Y, of course, responded in kind in its reply brief, arguing in Sections II.B.1, II.B.2, and II.B.3 that Plaintiff has not alleged particularized facts sufficient to show that E&Y's GAAP, GAAS, and internal control opinions were **objectively** false, and then arguing in Section II.C that Plaintiff had not alleged particularized facts sufficient to show that those audit opinions were **subjectively** false. *See* E&Y's Reply Br. in Supp. of Mot. to Dismiss Am. Compl., Dkt. 119, at 5-13.

7

## ARGUMENT

**I.    The Order Addresses A Claim That Plaintiff Did Not Assert.**

The Amended Complaint predicates E&Y's Section 11 liability exclusively on its audit opinions.  But this Court's Order states that "E&Y is liable for any damages caused by SunTrust's misleading financial statements in the RS/P." Order at 13.  The Order goes on to state that:

> Plaintiff's claims against E&Y are based on whether the ALLL and Provision were believed by SunTrust entity Defendants and individual SunTrust Defendants Chancy, Wells, Fortin, and Panther to be true. Thus, the Amended Complaint alleges sufficient facts to state this claim against the SunTrust Defendants and this claim is permitted to proceed against E&Y.

Order at 31.

Contrary to the Court's ruling, Plaintiff never made that claim.  Plaintiff's Section 11 claim against E&Y is not based on the statements regarding ALLL and the Provision in SunTrust's financial statements.  It is based entirely on E&Y's audit opinions.  Nor is Plaintiff's claim against E&Y based on the subjective beliefs of the SunTrust entities or of Mssrs. Chancy, Wells, Fortin, or Panther. Rather, it is based on E&Y's subjective belief about its audit opinions (a point that the Order itself acknowledges in part).  *See* Order at 19 (noting that Rule 9(b) pleading requirements were triggered in part by the general allegation that E&Y

8

knew that its internal control opinion was false or recklessly disregarded its falsity).

This is not an immaterial error. The Court's Order would extend *E&Y's* potential Section 11 liability in this case to *SunTrust's* purported misstatements in portions of the bank's 2007 Form 10-K other than E&Y's audit opinions, including SunTrust's purported misstatements in the financial statements themselves. The fact is, if Plaintiff had alleged a Section 11 claim against E&Y based on statements other than E&Y's audit opinions, E&Y would have presented additional and different arguments in its Motion to Dismiss. E&Y would have argued, for instance, that it cannot be liable under Section 11 for any purported misstatement in SunTrust's Registration Statement because it did not consent to being named as having certified any part of SunTrust's Registration Statement.

Section 11 expressly limits an accountant's potential liability to only those parts of a registration statement that the accountant consented to being named as having "prepared or certified." *See* 15 U.S.C. § 77k(a)(4) (Section 11 plaintiff may sue any "accountant . . . who *has with his consent been named as having prepared or certified* any part of the registration statement . . . ." (emphasis added)); *see also Herman & MacLean v. Huddleston*, 459 U.S. 375, 387 n.22 (1983) (Section 11 does not reach "accountants with respect to parts of a registration statement

9

which they are not named as having prepared or certified"). Here, E&Y consented only to the incorporation by reference of its 2007 Audit Report into the Registration Statement and nothing more.[6] It therefore cannot be liable for any purported misstatements in SunTrust's financial statements or any other part of the Registration Statement. *See Dutton v. Harris Stratex Networks, Inc.*, 270 F.R.D. 171, 177-78 (D. Del. 2010) (rejecting Section 11 claim against E&Y that was premised "on the fact that [E&Y] audited [its client's] financial statements, and those statements needed to be restated").

E&Y would have made this argument if Plaintiff had tried to hold E&Y liable for statements other than its audit opinions. But Plaintiff did not, and E&Y addressed the only Section 11 claim alleged in the Amended Complaint. The Court should therefore reconsider its Order.

---

[6] E&Y's consent reads as follows:

Consent of Independent Registered Public Accounting Firm

> We consent to the incorporation by reference in the Registration Statements on Form S-8 . . ., Form S-3 . . ., and Form S-4 . . . of SunTrust Banks, Inc. of our reports dated February 19, 2008, with respect to the consolidated financial statements of SunTrust Banks, Inc. and the effectiveness of internal control over financial reporting of SunTrust Banks, Inc., included in this Annual Report (Form 10-K) for the year ended December 31, 2007.

SunTrust's 2007 Form 10-K, Dkt. 120-1, at Exhibit 23.1.

10

## II. The Section 11 Claim Against E&Y Should Be Dismissed.

On reconsideration, the Court should dismiss with prejudice the Section 11 claim against E&Y. E&Y's 2007 audit opinions are just that—opinions. This Court correctly held that a statement of opinion is actionable under Section 11 only if it was subjectively false when made. *See* Order at 21-24; *see also* Sept. 10, 2010 Order, Dkt. 101, at 14-15. Thus, the only question is whether the Amended Complaint alleges particularized facts sufficient to show that E&Y didn't believe its audit opinions when it issued them. The answer is no.

The Amended Complaint comes nowhere close to pleading particularized facts sufficient to show that E&Y's 2007 audit opinions were subjectively false. In its September 10, 2010 Order dismissing the original Complaint, the Court aptly described the original allegations against E&Y as "entirely conclusory." Dkt. 101, at 20. Plaintiff added exactly one allegation regarding E&Y to the Amended Complaint—that unspecified representatives of E&Y were present at ALLL Committee meetings, including the year-end 2007 meeting, and were aware of adjustments made to "lower" SunTrust's ALLL. *See* Redline Comparison of Compl. & Am. Compl., Dkt. 102-1, ¶¶ 195-216. That allegation is, of course, quintessentially unparticularized: It does not say "who" from E&Y was at the meetings, it does not say "what" that unidentified person (or persons) heard, and it

11

does not explain "how" that "disclosure" rendered E&Y's audit opinions subjectively false. *See* Order at 20 (requiring Plaintiff to set forth the "who, what, when, where, and how" of allegedly fraudulent behavior). With a solitary new, unparticularized allegation perched atop a slew of old and "entirely conclusory" allegations, Plaintiff's Amended Complaint against E&Y should fare no better than its original Complaint. The Section 11 claim against E&Y must be dismissed.

This Court's ruling regarding the SunTrust management defendants compels that result. Unlike the original Complaint, the Amended Complaint contains a handful of allegations based on information purportedly gleaned from SunTrust's former Group Vice President of Risk Management, Scott Trapani. *See* Order at 8. In its Order, the Court noted that a few of Plaintiff's new allegations relate to purported discussions between Mr. Trapani and Mssrs. Chancy, Wells, Fortin, and Panther. *See id.* at 26. The Court held that Plaintiff's "scant" factual allegations were "barely" sufficient to suggest that Mssrs. Chancy, Wells, Fortin, and Panther didn't believe SunTrust's statements regarding ALLL and the Provision. Order at 27, 28. Since the Court's ruling, Mr. Trapani has executed two declarations repudiating those allegations in no uncertain terms. *See generally* Decl. of Scott A. Trapani, CFA (attached as Exhibit A) and Supp. Decl. of Scott A. Trapani, CFA (attached as Exhibit B); *see also, e.g.,* Ex. A at ¶ 6 ("I have no personal knowledge

12

of any facts of circumstances regarding the underlying data utilized, or the processes and judgments exercised in establishing the ALLL for the fourth quarter and year-end of 2007."); Ex. B at ¶ 4 ("I have no knowledge from any source regarding SunTrust's ALLL, reserves, provision, or any other aspect of SunTrust's operations or financial affairs after August 28, 2007.").[7]

In any event, Mr. Trapani had nothing specific to say about E&Y. If Plaintiff's "scant" (and apparently false) allegations regarding SunTrust's management's subjective beliefs were "barely" sufficient to survive a motion to dismiss, then how can the Section 11 claim against E&Y survive when Plaintiff hasn't alleged any new particularized facts showing that E&Y didn't genuinely believe its audit opinions? It cannot.

## CONCLUSION

E&Y respectfully submits that the Court's Order erroneously held that Plaintiff stated a Section 11 claim against E&Y with regard to statements other than E&Y's audit opinions. Accordingly, the Court should grant E&Y's Motion for Reconsideration. And on reconsideration, the Court should dismiss with prejudice Plaintiff's Section 11 claim against E&Y because Plaintiff has not

---

[7] Mr. Trapani's Declaration and Supplemental Declaration, along with an accompanying Notice, were submitted into the record by the SunTrust Defendants on September 28, 2011.

13

alleged particularized facts sufficient to show that E&Y didn't believe its audit opinions when it issued them.

Submitted this 28th day of September, 2011.

KING & SPALDING LLP

*/s/ John A. Chandler*
John A. Chandler
Ga. Bar No. 120600
Cheri A. Grosvenor
Ga. Bar No. 314360
1180 Peachtree Street, N.E.
Atlanta, GA 30309-3521
(404) 572-4600
(404) 572-5140 (fax)
jchandler@kslaw.com
cgrosvenor@kslaw.com

Of Counsel:

William A. Barrett
Associate General Counsel
Ernst & Young LLP
5 Times Square
New York, NY 10036-6530
(212) 773-9177 (direct dial)
(212) 773-2388 (fax)

*Counsel for Defendant Ernst & Young LLP*

14

# FONT CERTIFICATION

The undersigned hereby certifies that this pleading complies with the font requirements of LR 5.1B because the document has been prepared in Times New Roman, 14 point.

*/s/ John A. Chandler*
John A. Chandler
Georgia Bar No. 120600

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which serves notification of such filing to all CM/ECF participants.

This 28th day of September, 2011.

                                              */s/ John A. Chandler*
                                              John A. Chandler
                                              Georgia Bar No. 120600