# Exhibit O

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF LIVONIA EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THE BOEING COMPANY, W. JAMES MCNERNEY, JR., and SCOTT E. CARSON,<br><br>Defendants. | No. 09 C 7143<br><br>Judge Ruben Castillo |

## ORDER

City of Livonia Employees' Retirement System ("Plaintiff") brought this putative class action securities fraud case against The Boeing Company, its chairman, president and chief executive officer W. James McNerney, Jr., and its former executive vice president, president, and chief executive officer of the commercial airplanes segment Scott E. Carson (collectively, "Defendants"), under sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t(a), and Rule 10b-5, 17 C.F.R. § 240.10b-5. (R. 1, Compl.) Prior to the reassignment of this case, Judge Conlon dismissed Plaintiff's second amended complaint with prejudice and entered judgment on March 7, 2011. (R. 200, Min. Order; 201, Mem. Opinion and Order; R. 202, Judgment.) Presently before the Court is Plaintiff's motion for relief from the March 7, 2011 judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). (R. 206, Pl.'s Mot.) For the reasons stated below, the motion is denied.

## DISCUSSION[1]

As an initial matter, although Plaintiff requests relief pursuant to both Rule 59(e) and 60(b), based on the grounds for relief raised in the motion and the fact that it was filed within 28 days of entry of judgment, the motion is properly characterized as a motion for reconsideration under Rule 59(e), and the Court will accordingly treat it as such. *See Seng-Tiong v. Taflove*, 648 F.3d 489, 496, n.5 (7th Cir. 2011) ("An error of law is a basis for altering or amending the judgment under Rule 59(e), but it is not explicitly recognized as a basis for relief under Rule 60(b)."); *Gray v. Advocate Health Hosp. Corp.*, 442 Fed. Appx. 236, 237 (7th Cir. 2011) ("Rule 60(b) cannot be used to make arguments that could have been raised on appeal or in a timely motion for reconsideration under Federal Rule of Civil Procedure 59(e).") (unpublished order).[2]

Rule 59(e) allows a court to alter or amend a judgment only if the movant "clearly establish[es]" that "there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). Regarding the "manifest error" prong, the Seventh Circuit has elaborated that a motion to reconsider is proper only when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of

---

[1] The Court assumes familiarity with the background of this case as set forth in the Memorandum Opinion and Order issued by Judge Conlon on March 7, 2011. (R. 201, Mem. Opinion and Order.)

[2] Even if the Court were to consider Plaintiff's motion under Rule 60(b), it would clearly not meet the stringent standards under Rule 60(b) for the same reason it fails to meet the standards under Rule 59(e). *See Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995) ("Relief under Rule 60(b) is an extraordinary remedy that is to be granted only in exceptional circumstances.") (citations omitted); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000) ("The ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal.").

apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). "But a Rule 59(e) motion is 'not appropriately used to advance arguments or theories that could and should have been made before the district court rendered judgment.'" *Cnty. of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006) (quoting *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263 (7th Cir. 1995)).

Here, Plaintiff posits several grounds for reconsideration of Judge Conlon's March 7, 2011 order (the "Order"). First, Plaintiff contends that the Order "constitutes manifest error by rejecting the complaint's factual allegations and resolving disputed facts." (R. 206, Pl.'s Mot. at 5.) Second, Plaintiff maintains that the Order "erroneously considered matters outside the pleadings without converting Defendants' motion into one for summary judgment." (*Id.* at 7.) Third, Plaintiff contends that the Order "constitutes manifest error by overlooking critical facts." (*Id.* at 7.) Finally, Plaintiff argues that reconsideration is appropriate because "newly discovered evidence confirms the complaint's critical allegations." (*Id.* at 13.)

Plaintiff's first two arguments, both of which contend that the Order constitutes a manifest error of law, fail to meet the standards required for the reconsideration of a judgment. When the basis for relief is a manifest error of law, the movant must bring to the court's attention not just an error, but rather the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *See Oto v. Metro Life. Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Plaintiff raised both arguments in opposition to Defendants' motion that led to the dismissal of Plaintiff's second amended complaint, (R. 193, Pl.'s Opp'n to Defs.' Mot. at 3-5), and Judge Conlon considered and rejected both of them. (*See* R. 201, Mem. Opinion and Order at 6-8.) The gist of Plaintiff's current arguments is that the Order "got it wrong" the first time around, but

3

a court's "opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indust., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988).

Plaintiff's arguments regarding the Order's "manifest errors" of fact similarly fail. Judge Conlon did not "overlook evidence," but rather concluded—based on undisputed facts—that Plaintiff had misrepresented material information to the Court in the second amended complaint, which required reconsideration of the Court's denial of Defendants' motion to dismiss. (R. 201, Mem. Opinion and Order at 8-9.) The "new evidence" that "confirms the complaint's critical allegations" also does not mandate reconsideration of the Order. Plaintiff pointed to similar evidence that corroborated the facts alleged in the second amended complaint in its response to the Defendants' motion. (R. 193, Pl.'s Opp'n to Defs.' Mot. at 8-12.) That evidence, however, like the evidence presented in Plaintiff's current motion, relates to the merits of Plaintiff's claim and was not relevant to the determination of whether the second amended complaint—with the unreliable confidential source allegations eliminated from consideration—met the higher pleading standards required by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b). Accordingly, these arguments fail to persuade the Court that the Order "constitutes a manifest error of fact."

In sum, Plaintiff has not raised any valid ground for relief under Rules 59(e) because its arguments do not "clearly establish" any "manifest error of law or fact." Instead, its arguments "merely [take] umbrage with the court's ruling," *Oto*, 224 F.3d at 606. "Reconsideration is not an appropriate forum for rehashing previously rejected arguments," however, and the Court

accordingly denies Plaintiff's motion. *See Caisee Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (citations omitted).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for relief from the March 7, 2011 Order (R. 206) is DENIED.[3]

Entered: /s/ 
Judge Ruben Castillo
United States District Court

**Dated:** March 16, 2012

---

[3] The Court will not address Defendants' request for Rule 11 sanctions against Plaintiff in their response brief because this request does not comply with the requirements of Rule 11.

5