UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| CITY OF PONTIAC GENERAL EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br> vs.<br><br>LOCKHEED MARTIN CORPORATION, et al.,<br><br>      Defendants. | Civil Action No. 11-cv-05026-JSR |

DECLARATION OF SAMUEL H. RUDMAN IN OPPOSITION
TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

I, Samuel H. Rudman, declare as follows:

1. I am a member of the Bar of the State of New York and am a partner with the law firm of Robbins Geller Rudman & Dowd LLP, counsel to lead plaintiff the City of Pontiac General Employees' Retirement System in the above-captioned proceeding. I submit this declaration in opposition to Defendants' Motion for Summary Judgment.

2. This declaration uses the following terms defined below:

| Asbury | Kenneth Asbury (CW5), the President of IS&GS Civil during the Class Period |
|---|---|
| Asbury Dep. | Asbury deposition, taken on June 13, 2012 |
| Burns | Margaret C. Burns (CW1), a former LM employee and Vice President of Information & Knowledge Solutions in IS&GS Civil during part of the Class Period |
| Burns Aff. | Burns Affidavit, sworn to on May 18, 2012 |
| Burns Dep. | Burns deposition, taken on June 13, 2012 |
| Class Period | April 21, 2009 – July 21, 2009 |
| Complaint | Amended Complaint for Violation of the Federal Securities Laws, dated October 6, 2011 (Dkt. No. 14) |

**REDACTED PURSUANT TO PROTECTIVE ORDER**

| | |
|---|---|
| COO | Chief Operating Officer |
| CW | Confidential Witness |
| CW1 | Margaret C. Burns |
| CW2 | Pamela E. Hawn |
| CW3 | William W. Parsons |
| CW4 | Victor H. Morrison, Jr. |
| CW5 | Kenneth Asbury |
| CW6 | Karen Nimmons |
| DLA Piper | DLA Piper US LLP, counsel to Defendants |
| Ex. | Exhibit |
| Gooden | Defendant Linda Gooden, Executive Vice President of LM's IS&GS division during the Class Period |
| Hawn | Pamela E. Hawn (CW2), a former LM employee and Senior Business Manager who worked on the IATA program during at least part of the Class Period |
| Hawn Aff. | Hawn Affidavit, sworn to on May 15, 2012 |
| Hawn Dep. | Hawn deposition, taken on June 11, 2012 |
| IS&GS | Information Systems & Global Services, a division of LM |
| Keatly | Kenneth Keatly, the Director of Investigations at LRH&A |
| Keatly Dep. | Keatly deposition, taken on July 16, 2012 |
| LM | Lockheed Martin Corporation |
| LRH&A | L.R. Hodges & Associates, Ltd., an investigative agency retained by Plaintiff's counsel |
| Lubniewski | Stephen Lubniewski, the COO and Deputy of IS&GS Civil during the Class Period |
| Lubniewski Dep. | Lubniewski deposition, taken on July 10, 2012 |
| Morrison | Victor H. Morrison, Jr. (CW4), a former LM employee and Senior Program Manager in IS&GS during the Class Period |
| Morrison Aff. | Morrison Affidavit, sworn to on May 15, 2012 |
| Morrison Dep. | Morrison deposition, taken on June 12, 2012 |
| Nimmons | Karen Nimmons (CW6), a former LM employee and IS&GS Lead Program Control Analyst during the Class Period |
| Parsons | William W. Parsons (CW3), a former LM employee and Vice President of Strategic Space Initiatives in IS&GS during the Class Period |
| Parsons Dep. | Parsons deposition, taken on June 22, 2012 |
| Plaintiff | City of Pontiac General Employees' Retirement System |
| Robbins Geller | Robbins Geller Rudman & Dowd LLP, counsel for Plaintiff |
| Stevens | Defendant Robert Stevens, LM's Chairman, President and Chief Executive Officer during the Class Period |
| Tanner | Defendant Bruce Tanner, LM's Chief Financial Officer |
| TelePacific | TelePacific Communications |

**Exhibits Relating to Lubniewski**

3. Attached hereto as Ex. 1 is a true and correct copy of the transcript of the Lubniewski Dep.

4. Attached hereto as Ex. 2 is a true and correct copy of an email sent from Mr. Lubniewski to David Rosenfeld, a partner with Robbins Geller, on October 13, 2011. The email was marked as Ex. 21 to the Lubniewski Dep. Although the marked exhibit was not Bates stamped, it has since been produced with Bates number PONTIAC015429.

5. Attached hereto as Ex. 3 is a true and correct copy of a press release issued by Robbins Geller on July 20, 2011 and entitled "Robbins Geller Rudman & Dowd LLP Files Class Action Suit Against Lockheed Martin Corporation." The press release was marked as Ex. 22 to the Lubniewski Dep.

6. Attached hereto as Ex. 4 is a true and correct copy of an email sent from Mr. Rosenfeld to Mr. Lubniewski on November 2, 2011. The email, which is not Bates stamped, was marked as Ex. 24 to the Lubniewski Dep.

7. Attached hereto as Ex. 5 is a true and correct copy of the Release of Claims between LM and Mr. Lubniewski, signed by him on January 31, 2011, and Bates stamped LMC00780415-22. Mr. Lubniewski's Release of Claims was marked as Ex. 26 to the Lubniewski Dep.

**Exhibits Relating to Burns (CW1)**

8. Attached hereto as Ex. 6 is a true and correct copy of the transcript of the Burns Dep.

9. Attached hereto as Ex. 7 is a true and correct copy of the Burns Aff. The Burns Aff. Aff. was marked as Ex. 3 to the Burns Dep.

10. Attached hereto as Ex. 8 is a true and correct copy of the Release of Claims between LM and Ms. Burns, signed by her on February 16, 2011, and Bates stamped LMC00568357-64. Ms. Burns's Release of Claims was marked as Ex. 5 to the Burns Dep.

11. Attached hereto as Ex. 9 is a true and correct copy of the TelePacific phone records of LRH&A reflecting calls to Ms. Burns. These records were marked as Ex. 1 to the Burns Dep. Although the marked exhibit was not Bates stamped, it has since been produced with the Bates range PONTIAC015393-99.

**Exhibits Relating to Hawn (CW2)**

12. Attached hereto as Ex. 10 is a true and correct copy of the transcript of the Hawn Dep.

13. Attached hereto as Ex. 11 is a true and correct copy of the Hawn Aff. The Hawn Aff. was marked as Ex. 2 to the Hawn Dep.

14. Attached hereto as Ex. 12 is a true and correct copy of the Release of Claims between LM and Ms. Hawn, signed by her on August 28, 2009. Ms. Hawn's Release of Claims was marked as Ex. 3 to the Hawn Dep. Although the marked exhibit was not Bates stamped, it has since been produced with the Bates range LMC00568382-88.

15. Attached hereto as Ex. 13 is a true and correct copy of the TelePacific phone records of LRH&A reflecting calls to Ms. Hawn. These records were marked as Ex. 4 to the Hawn Dep. Although the marked exhibit was not Bates stamped, it has since been produced with the Bates range PONTIAC015416-22.

**Exhibits Relating to Parsons (CW3)**

16. Attached hereto as Ex. 14 is a true and correct copy of the transcript of the Parsons Dep.

**Exhibits Relating to Morrison (CW4)**

17. Attached hereto as Ex. 15 is a true and correct copy of the transcript of the Morrison Dep.

18. Attached hereto as Ex. 16 is a true and correct copy of the Morrison Aff. The Morrison Aff. was marked as Ex. 3 to the Morrison Dep.

19. Attached hereto as Ex. 17 is a true and correct copy of the Release of Claims between LM and Mr. Morrison, signed by him on July 22, 2010, and Bates stamped LMC00568373-81. Mr. Morrison's Release of Claims was not marked as an exhibit to the Morrison Dep. because it had not yet been produced.

**Exhibits Relating to Asbury (CW5)**

20. Attached hereto as Ex. 18 is a true and correct copy of the transcript of the Asbury Dep.

21. According to Mr. Asbury's deposition testimony,

*See* Ex. 18 (Asbury Tr.) at 199:20 – 202:2; 202:20 – 203:7.

22. Attached hereto as Ex. 19 is a true and correct copy of the Release of Claims between LM and Mr. Asbury, signed by him on February 3, 2011, and Bates stamped LMC00568349-56. Mr. Asbury's Release of Claims was marked as Ex. 1 to the Asbury Dep.

23. Attached hereto as Ex. 20 is a true and correct copy of the Declaration of Steve Carrillo of TelePacific, authenticating a document produced by TelePacific to Plaintiff pursuant to a subpoena in this action. The authenticated document, which is attached to Mr. Carrillo's Declaration, is Bates stamped PONTIAC015564.

24. Attached hereto as Ex. 21 is a true and correct copy of Mr. Asbury's business card, which was marked as Ex. 13 to the Asbury Dep.

**Exhibits Relating to Keatly**

25. Attached hereto as Ex. 22 is a true and correct copy of the transcript of the Keatly Dep.

26. Attached hereto as Ex. 23 is a true and correct copy of Mr. Keatly's relevant witness contact log, Bates stamped PONTIAC015483-89. Mr. Keatly's witness contact log was marked as Ex. 1 to the Keatly Dep.

27. Attached hereto as Ex. 24 is a true and correct copy of the Investigation Memorandum prepared by Mr. Keatly, dated September 15, 2011 and Bates stamped PONTIAC015432-38, summarizing his September 13, 2011 interview with Ms. Burns. The Investigation Memorandum was marked as Ex. 4 to the Keatly Dep.

28. Attached hereto as Ex. 25 is a true and correct copy of the interview notes prepared by Mr. Keatly, dated September 13, 2011 and Bates stamped PONTIAC015501-14, reflecting his interview with Ms. Burns on that date. The interview notes were marked as Ex. 5 to the Keatly Dep.

29. Attached hereto as Ex. 26 is a true and correct copy of the Investigation Memorandum prepared by Mr. Keatly, dated September 30, 2011 and Bates stamped PONTIAC015472-80, summarizing his September 29, 2011 interview with Ms. Hawn. The Investigation Memorandum was marked as Ex. 6 to the Keatly Dep.

30. Attached hereto as Ex. 27 is a true and correct copy of the interview notes prepared by Mr. Keatly, dated September 29, 2011 and Bates stamped PONTIAC015516-28, reflecting his interview with Ms. Hawn on that date. The interview notes were marked as Ex. 7 to the Keatly Dep.

31. Attached hereto as Ex. 28 is a true and correct copy of the Investigation Memorandum prepared by Mr. Keatly, dated September 15, 2011 and Bates stamped PONTIAC015439-45, summarizing his interview with Mr. Parsons of that date. The Investigation Memorandum was marked as Ex. 9 to the Keatly Dep.

32. Attached hereto as Ex. 29 is a true and correct copy of the interview notes prepared by Mr. Keatly, dated September 15, 2011 and Bates stamped PONTIAC015553-63, reflecting his interview with Mr. Parsons on that date. The interview notes were marked as Ex. 10 to the Keatly Dep.

33. Attached hereto as Ex. 30 is a true and correct copy of the Investigation Memorandum prepared by Mr. Keatly, dated September 20, 2011 and Bates stamped PONTIAC015448-54, summarizing his September 19, 2011 interview with Mr. Morrison. The Investigation Memorandum was marked as Ex. 2 to the Keatly Dep.

34. Attached hereto as Ex. 31 is a true and correct copy of the interview notes prepared by Mr. Keatly, dated September 19, 2011 and Bates stamped PONTIAC015532-45, reflecting his interview with Mr. Morrison on that date. The interview notes were marked as Ex. 3 to the Keatly Dep.

35. Attached hereto as Ex. 32 is a true and correct copy of the Investigation Memorandum prepared by Mr. Keatly, dated September 23, 2011 and Bates stamped PONTIAC015456-62, summarizing his September 22, 2011 interview with Mr. Asbury. The Investigation Memorandum was marked as Ex. 15 to the Keatly Dep.

36. Attached hereto as Ex. 33 is a true and correct copy of the interview notes prepared by Mr. Keatly, dated September 22, 2011 and Bates stamped PONTIAC015490-500, reflecting his interview with Mr. Asbury on that date. The interview notes were marked as Ex. 16 to the Keatly Dep.

37. Attached hereto as Ex. 34 is a true and correct copy of the Investigation Memorandum prepared by Mr. Keatly, dated September 27, 2011 and Bates stamped

PONTIAC015466-70, summarizing his interview with Ms. Nimmons of that date. The Investigation Memorandum was marked as Ex. 13 to the Keatly Dep.

38. Attached hereto as Ex. 35 is a true and correct copy of the interview notes prepared by Mr. Keatly, dated September 27, 2011 and Bates stamped PONTIAC015547-50, reflecting his interview with Ms. Nimmons on that date. The interview notes were marked as Ex. 14 to the Keatly Dep.

39. Attached hereto as Ex. 36 is a true and correct copy of an email composed and sent by Mr. Keatly to Samuel Rudman, Evan Kaufman, and Michael Capeci of Robbins Geller on March 1, 2012, Bates stamped PONTIAC015481-82.

**Demonstrative Exhibits**

40. Attached hereto as Ex. 37 is a true and correct copy of a chart prepared by Plaintiff's counsel that compares the allegations of the Complaint that are attributed to one or more CWs with the corresponding excerpts from Mr. Keatly's Investigation Memoranda and handwritten interview notes. The chart also includes entries from the Keatly Dep. (Ex. 22).

41. Attached hereto as Exs. 38-42 are true and correct copies of five charts prepared by Plaintiff's counsel – one each for CW1 (Burns) (Ex. 38), CW2 (Hawn) (Ex. 39), CW3 (Parsons) (Ex. 40), CW4 (Morrison) (Ex. 41), and CW5 (Asbury) (Ex. 42) – that include entries for subjects not included in the Complaint, but that were in Mr. Keatly's Investigation Memoranda and notes, and the substance of which the CWs confirmed during their depositions.

**Miscellaneous Exhibits and Other Information**

42. Attached hereto as Ex. 43 is a true and correct copy of a letter from Evan Kaufman of Robbins Geller to James Wareham of DLA Piper dated April 13, 2012.

43. Attached hereto as Ex. 44 is a true and correct copy of the transcript of the class certification hearing held before this Court on June 20, 2012.

44. Attached hereto as Ex. 45 is a true and correct copy of a letter from Jonah Goldstein of Robbins Geller to James Wareham of DLA Piper dated July 3, 2012.

45. Attached hereto as Ex. 46 is a true and correct copy of an email from defendant Gooden to defendant Stevens dated March 23, 2009, including defendant Stevens's response, Bates stamped LMC00003774-75.

46. Attached hereto as Ex. 47 is a true and correct copy of an email from defendant Stevens to defendant Tanner, dated March 23, 2009 and Bates stamped LMC00007350, forwarding defendant Gooden's aforementioned email (Ex. 46).

47. Attached hereto as Ex. 48 is a true and correct copy of an email from Mike Gabaly to Linda Gooden and others dated March 5, 2009, attaching a list of IS&GS Civil programs with less than 5% Return on Sales, Bates stamped LMC00003780-815.

48. Attached hereto as Ex. 49 is a true and correct copy of an email from Asbury to undisclosed recipients with a copy to Lubniewski and Richard Bott, dated February 22, 2009 and Bates stamped LMC00544178-79.

49. Attached hereto as Ex. 50 is a true and correct copy of a February 12, 2009 email from Jeffrey T. Auletto to John Mollard and others, attaching a document entitled "Independent Cost Evaluation of 2009 Long Range Plan," Bates stamped LMC00637615-31.

50. Attached hereto as Ex. 51 is a true and correct copy of an email communication, dated March 9, 2009, from Kenneth Asbury to various recipients. The email, which is Bates stamped LMC00521059, was marked as Ex. 13 to the Lubniewski Dep.

51. Attached hereto as Ex. 52 is a true and correct copy of an email communication, dated April 5, 2009, from Judith A. Graham to various recipients, including Asbury and Lubniewski, attaching a memorandum dated April 3, 2009 from Richard Bott to various recipients. The email

and attachment, which are Bates stamped LMC00474346-47, were marked as Ex. 16 to the Lubniewski Dep.  The attachment only, Bates stamped LMC00474347, was also marked as Ex. 6 to the Asbury Dep.

52.     Attached hereto as Ex. 53 is a true and correct copy of the Declaration of Jeffrey Barron of ASRC Federal Holding Company LLC, dated July 19, 2012, with attachments.

Executed on July 19, 2012 in Melville, New York.

>                          */s/ Samuel H. Rudman*
>                          SAMUEL H. RUDMAN

**CERTIFICATE OF SERVICE**

I, Samuel H. Rudman, hereby certify that, on July 19, 2012, I caused a true and correct copy of the attached:

DECLARATION OF SAMUEL H. RUDMAN IN OPPOSITION
TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to any additional counsel.

*/s/ Samuel H. Rudman*
Samuel H. Rudman