# Robbins Geller
# Rudman & Dowd LLP

| Atlanta | Melville | Philadelphia | San Francisco |
|---|---|---|---|
| Boca Raton | New York | San Diego | Washington, DC |

Evan Kaufman
EKaufman@rgrdlaw.com

April 13, 2012

<u>VIA E-MAIL</u>

James D. Wareham
DLA Piper US LLP
500 8th Street, N.W.
Washington, DC 20004

     Re:   *City of Pontiac Gen. Employees' Ret. Sys. v. Lockheed Martin Corp., et al.*
           *No. 1:11-cv-05026-JSR (S.D.N.Y.)*

Dear Jamie:

     We write in response to your letter dated March 23, 2012 requesting that we provide Defendants with the names and contact information for the six Confidential Witnesses ("CWs") referenced in the Amended Complaint (the "March 23 Letter").

     As an initial matter, and consistent with its obligations under Fed. R. Civ. P. 26(a)(1) ("Rule 26"), Lead Plaintiff has already provided Defendants with the names of all the CWs identified in the Amended Complaint, along with approximately 19 other individuals (including current Lockheed employees) who are likely to have discoverable information (the "Rule 26 Disclosures").

     Defendants incorrectly maintain that the case law "make[s] clear that the work product doctrine does not shield CW identities from disclosure." While your March 23 Letter relies on three recent decisions from the Southern District of New York, it ignores other recent decisions which support Lead Plaintiff's position that CW identities are attorney conclusion, opinion and mental impression that should be shielded by the work product doctrine. For example, in *In re SLM Corp. Sec. Litig.*, No. 08 Civ. 1029 (WHP), 2011 U.S. Dist. LEXIS 16893 (S.D.N.Y. Feb. 15, 2011), Judge Pauley held that CW identities are protected attorney work product. *See id.* at *1-*2. Likewise, in *In re Veeco Instruments, Inc. Sec. Litig.*, No. 95 MD. 1695 (CM) (GAY), 2007 U.S. Dist. LEXIS 5969 (S.D.N.Y. Jan. 26, 2007), Judge Yanthis held that the identity of CWs is protected from disclosure by the work product doctrine. *See id.* at *4-*5. In fact, each decision in the March 23 Letter specifically mentions the lack of uniformity in the case law on the question of whether CW identities are protected by the work product doctrine. *See Plumbers and Pipefitters Local Union No. 630 Pension-Annuity Trust Fund v. Arbitron, Inc.*, 2011 WL 5519840, at *7 (S.D.N.Y. Nov. 14, 2011) ("it is safe to say that the case law is not unitary as to the application of the work product doctrine to motions to compel the names of a witness referenced but not named in a complaint"); *In re Bear Stearns Cos., Inc. Secs., Deriv., & ERISA Litig.*,




**Robbins Geller
Rudman & Dowd** LLP

James D. Wareham
April 13, 2012
Page 2

2012 WL 259326, at *3 (S.D.N.Y. Jan. 27, 2012) ("the case law regarding the application of the work product doctrine to motions to compel the names of a witness referenced but not named in a complaint is not uniform"); *In re American International Group, Inc. 2008 Secs. Litig.*, No. Civ. 4772, at *6 (S.D.N.Y. Mar. 6, 2012) ("[the] case law in this area 'is not uniform'") (citation omitted).

Moreover, the March 23 Letter fails to explain the reasons why Defendants need to know the identities of the six CWs listed in the Amended Complaint. Specifically, the March 23 Letter does not show that Defendants have a "substantial need" for this information or cannot overcome Lead Plaintiff's work product protection "without undue hardship." Rule 26(b)(3)(A)(ii). Furthermore, the March 23 Letter does not detail Defendants' efforts or ability to discern the identity of the six CWs from the individuals provided in the Rule 26 Disclosures. The relatively small number of potential witnesses already provided to Defendants and the clear and specific description of the CWs in the Amended Complaint weigh against Defendants' request that Plaintiff identify each CW by name. Indeed, Defendants should be able to determine the identity of the six CWs with relative ease and you have not provided any grounds or facts to suggest otherwise.

Finally, the March 23 Letter fails to address a crucial consideration of whether the identities of the CWs should be disclosed – protecting CWs from harassment and retaliation from their former, current or future employers. Lockheed Martin's IS&GS business is in a small and highly specialized field so the risk of such ramifications here is even more acute. As courts have noted, disclosing the identities of CWs "could deter informants from providing critical information to investigators in meritorious cases or invite retaliation against them." *See, e.g., Novaks v. Kasaks*, 216 F.3d 300, 314 (2d Cir. 2000). Even cases relied upon in your March 23 Letter implemented mechanisms intended to protect the identities of CWs while allowing counsel for defendants to have access to this information. *See Arbitron*, 2011 WL 5519840, at *9 (allowing plaintiff's to submit an *ex parte* application setting forth particularized facts to substantiate plaintiff's concerns of retribution against the CWs); *AIG*, No. Civ. 4772, at *8-*9 (directing the parties to confer in good faith and utilize the confidentiality order in this action to address specific confidentiality concerns by any individual CW).

Accordingly, Lead Plaintiff believes that it has fully complied with its discovery obligations and is not required to identify each CW listed in the Amended Complaint by name. Nevertheless, in the pursuit of full cooperation during discovery, and with full retention of our rights and objections, we are available for a meet and confer to discuss this with you further. Please let us know your availability.

Very truly yours,

Evan J. Kaufman

**Robbins Geller
Rudman & Dowd** LLP

James D. Wareham
April 13, 2012
Page 3


EJK:dmg


cc:     John M. Hillebrecht, Esq.