| TIME RECEIVED | REMOTE CSID | DURATION | PAGES | STATUS |
| --- | --- | --- | --- | --- |
| July 19, 2012 12:17:19 PM EDT | | 72 | 4 | Received |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x

CITY OF PONTIAC GENERAL
EMPLOYEES' RETIREMENT SYSTEM,
Individually and on Behalf of All Others
Similarly Situated,

      Plaintiff,

vs.

LOCKHEED MARTIN CORPORATION, et
al.,

      Defendants.

---------------------------------------- x

Civil Action No. 1:11-cv-05026-JSR

CLASS ACTION

DECLARATION OF JEFFREY BARON OF
ASRC FEDERAL HOLDING COMPANY
LLC

I, Jeffrey S. Baron, under penalty of perjury, declare as follows:

1. I am a Senior Systems Analyst at ASRC Federal Holding Company LLC ("ASRC"). I submit this declaration pursuant to Fed. R. Evid. 902(11) on behalf of ASRC in *City of Pontiac Gen. Employees' Retirement Sys. v. Lockheed Martin Corporation*, No. 11-cv-5026 (JSR), United States District Court, Southern District of New York. If called as a witness, I could and would testify competently to the matters contained herein.

2. I am authorized to submit this declaration because I have personal knowledge of the facts.

3. In response to the June 13, 2012 subpoena ("Subpoena") issued to ASRC by plaintiff in the above-referenced case, ASRC located responsive electronic data. This data was reflected in a letter sent by ASRC to plaintiff dated July 12, 2012 containing responses and objections to the subpoena. A copy of this letter is attached hereto as Exhibit A.

4. On page five of the letter, we explained that because ASRC's cell phone records are maintained in Excel spreadsheets, which are unsuited to printing and/or redaction, ASRC reproduced the two responsive telephone calls from ASRC, which, according to our records, took place between 2:45 p.m. and 3:35 p.m. ET on September 22, 2011, from 301-875-2336 to the telephone number 760-448-1887, in letter format. Our records reflect that the first call, dated September 22, 2011, was initiated at 2:45 p.m., and its duration was 15 minutes, and that the second call, dated September 22, 2011, was initiated at 2:59 p.m., and its duration was 36 minutes.

5. The document attached as Exhibit B concerns electronic data reflecting the telephone calls referenced in ¶ 4, above. The attached document is a copy of records available to ASRC that meet the requirements of Fed. R. Evid. 803(6). The document is a true and authentic

- 1 -

recitation of telephone record information for the number 301-875-2336 that is maintained by ASRC's cellular telephone service provider, Verizon Wireless ("Verizon"), and is accessible by ASRC through ASRC's Verizon account. ASRC accesses the cellular telephone records maintained by Verizon in the ordinary course of its business.

6. ASRC obtained the data for the number 301-875-2336 contained in the attached document by logging on to Verizon's Business Portal at http://business.verizonwireless.com/, and was able to access its account information and cellular telephone records using ASRC's unique login and password. Once logged on, ASRC obtained the information contained in the attached document by downloading the telephone records for calls made during September 2011 into an Excel spreadsheet.

7. The data for the number 301-875-2336 is historical and, to the best of my knowledge and belief, was recorded by Verizon and accessible to ASRC at or near the time of the information, acts, events, conditions, opinions or diagnoses reflected therein (with the exception of previously prepared historical data which may be reflected therein), either by persons with actual knowledge thereof or from information transmitted by persons with actual knowledge thereof.

8. The data contained in the attached document reflects the phone calls referenced in ¶ 4, above, and was kept in the normal course of business by Verizon as ASRC's cellular service provider, and was accessed and downloaded by ASRC in the ordinary course of business through ASRC's Verizon electronic account access in response to the Subpoena.

9. If called as a witness I could and would testify thereto that there is no source of information or circumstances of preparation of the data and the attached electronic printout, which would indicate any lack of trustworthiness on the part of ASRC in the provision of this

information. If called to testify at trial, I would testify that the data and attached document constitute authentic business records of ASRC, and were kept in the regular course of ASRC's business.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 19th day of July, 2012, at Greenbelt, Maryland.

_____
Jeffrey S. Baron

**EXHIBIT A**

# WILMERHALE

July 12, 2012

Todd R. Steggerda

+1 202 663 6472(t)
+1 202 663 6363(f)
todd.steggerda@wilmerhale.com

Evan J. Kaufman
Samuel H. Rudman
Robbins Geller Rudman & Dowd LLP
58 South Service Road, Suite 200
Melville, NY 11747

Robbins Geller Rudman & Dowd LLP
1100 Connecticut Ave. NW
Washington, DC 20036

Re: **City of Pontiac General Employees' Retirement Sys. v. Lockheed Martin Corp., et al., 1:11cv05026 (JSR) (S.D.N.Y.): Response to Third-Party Subpoena**

Dear Messrs. Kaufman and Rudman:

We represent ASRC Federal Holding Company LLC ("ASRC") in connection with the subpoena ("Subpoena") issued by you, on behalf of your client, City of Pontiac General Employees' Retirement System, individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), on June 13, 2012. ASRC, which is not a party to the above-captioned action, hereby responds and objects to the Subpoena pursuant to Rules 26 and 45(c)(2) of the Federal Rules of Civil Procedure ("FRCP").

## Reservation of Rights

1. The responses and objections provided herein are for use in this action and for no other purpose and are provided subject to that limitation.

2. ASRC's responses are subject to all objections as to competence, relevance, materiality, propriety, privilege and admissibility, and to any and all other objections on any grounds that may be applicable at any trial, hearing, or other proceeding in the above-captioned action or in any related or subsequent action or proceeding, all of which objections and grounds are expressly reserved and may be interposed at the time of trial or other hearing or proceeding.

3. ASRC's responses and objections shall not be deemed to constitute an admission that any particular document or thing exists, is relevant, non-privileged, or admissible in evidence; or that any statement or characterization in the Subpoena is accurate or complete. Rather, ASRC's agreement to produce documents in response to the Subpoena is subject to a determination that the documents exist, are within ASRC's possession, custody, or control, can be located with reasonable diligence, are not otherwise protected from disclosure, and will be subject to reasonable confidentiality protections.

4. ASRC reserves the right to object on the grounds of competency, relevance, materiality, privilege and admissibility as evidence for any purpose of any of the documents or

WILMERHALE

Evan J. Kaufman and Samuel H. Rudman
July 12, 2012
Page 2

information produced hereunder of the subject matter thereof, including objections that any information requested is not relevant to the claims or defenses of any party in the litigation and/or is not reasonably calculated to lead to the discovery of admissible evidence.

5. ASRC reserves the right at any time to revise, supplement, correct, clarify, or add to these responses and objections, or to revise, supplement, clarify, correct, or add to any production of documents or information made pursuant to this Subpoena. ASRC further reserves the right to object on any ground and at any time to a demand for further answers to the Subpoena or for further document production.

**General Objections**

ASRC makes the following General Objections to the Subpoena.

1. ASRC objects to the Subpoena to the extent that its Definitions, Instructions, or Requests are broader than, or impose conditions, obligations, or duties beyond those required by, the FRCP, the Local Civil Rules of the United States District Court for the District of Maryland ("Local Rules"), or any other applicable rules or laws.

2. ASRC objects to each Definition, Instruction, and Request to the extent that it incorporates definitions or rules of construction that are different from, or which conflict with, the definitions or rules of construction provided in the FRCP, the Local Rules, or any other applicable rules or laws.

3. ASRC objects to the Subpoena to the extent it seeks information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity against disclosure. ASRC does not agree or intend to produce any privileged information or documents. Any inadvertent production by ASRC of documents containing information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity against disclosure shall not constitute a waiver by ASRC of such protection.

4. ASRC objects to the Subpoena to the extent that it calls for the production of documents that relate to or contain proprietary or confidential business information, trade secrets, or competitively sensitive information belonging to ASRC and/or its clients. ASRC will produce responsive documents subject to the terms of any protective order governing the exchange of confidential information that is now in effect or may subsequently come into effect in this action. Should the terms of such protective order change, ASRC reserves the right to revisit its confidentiality designations as appropriate.

WILMERHALE

Evan J. Kaufman and Samuel H. Rudman
July 12, 2012
Page 3

5. ASRC objects to the Subpoena to the extent it requires disclosure of personal and/or confidential information whose dissemination is prohibited by, among other things, applicable law, and contracts entered between ASRC and its employees, customers, vendors and/or partners. ASRC will produce responsive documents subject to the terms of any protective order governing the exchange of confidential information that is now in effect or may subsequently come into effect in this action. Should the terms of such protective order change, ASRC reserves the right to revisit its confidentiality designations as appropriate.

6. ASRC objects to the Subpoena to the extent it seeks information or documents protected from disclosure either by a confidentiality agreement or similar non-disclosure agreement with a third party or by court order.

7. ASRC objects to the Subpoena to the extent it seeks documents that are or information that is already in the possession of or known to Plaintiff.

8. ASRC objects to each Request in the Subpoena to the extent it seeks documents or information not in ASRC's possession, custody, or control, to the extent it purports to require ASRC to speculate about the identity of persons who might have responsive documents or information, and to the extent it purports to call for any accounting of documents that ASRC no longer possesses or was under no obligation to maintain.

9. ASRC objects to each Request in the Subpoena to the extent it purports to impose a duty on ASRC to undertake a search for documents beyond a diligent search of the files where documents responsive to that Request would reasonably be expected to be found.

10. ASRC does not purport to have knowledge of "any" or "all" or "each" documents or things that are the subject of the Subpoena.

11. ASRC objects to the Subpoena to the extent it seeks documents that are or information that is publicly available, duplicative of other discovery taken by Plaintiff, or more appropriately obtained through other discovery mechanisms.

12. ASRC objects to the Subpoena to the extent it seeks expert materials, information or advice in contravention of applicable law.

13. ASRC objects to the Subpoena to the extent that it is overly broad, oppressive, duplicative or seeks information that is neither relevant to the issues presented in the above-referenced action nor reasonably calculated to lead to the discovery of admissible evidence.

14. ASRC objects to the Subpoena to the extent that it is ambiguous or vague and to the extent that the requests set forth therein are not described with reasonable particularity, lack a

WILMERHALE

Evan J. Kaufman and Samuel H. Rudman
July 12, 2012
Page 4

readily discernible meaning, or require ASRC to speculate as to the information or documents sought.

15. ASRC objects to the Subpoena to the extent that the Requests are not reasonably limited in time or purport to impose a duty on ASRC to undertake an unduly costly and burdensome search of its archives for aged documents or records.

16. ASRC objects to the Subpoena and each and every Request on the ground that the time specified for the production of documents is unreasonable and unduly burdensome.

**Specific Responses and Objections to Requests**

Subject to and without waiving the foregoing General Objections, ASRC asseers the following Specific Objections and Responses to the Subpoena. Failure to reiterate a General Objection below does not constitute a waiver of that or any other objection.

1. **All telephone records of all calls made from ASRC Federal (*e.g.*, 301/837-5500), including, but not limited to, calls made by Mr. Kenneth Asbury, to L.R. Hodges & Associates, Ltd., including Ken Keatley, to or at one or more of the following telephone numbers: 760/448-1887; 760/448-1880; and/or 800/699-6043, during the period of time between August through November, 2011.**

In addition to the foregoing General Objections, ASRC objects to Request No. 1 on the grounds that it is overbroad and unduly burdensome. ASRC further objects to this Request to the extent it seeks production of documents not relevant to any party's claim or defense, and/or otherwise is beyond the appropriate scope of discovery of a non-party such as ASRC. ASRC also objects to this Request to the extent it requires disclosure of personal and/or confidential information whose dissemination is prohibited by, among other things, applicable law, and contracts entered between ASRC and its employees, customers, vendors and/or partners. ASRC further objects to this Request to the extent it seeks the production of documents or information that are protected by the attorney client privilege and/or the work product doctrine. In addition, ASRC objects to this Request to the extent it seeks documents that are or information that is already in the possession of or known to Plaintiff. Finally, ASRC objects to this Request to the extent it seeks telephone records that are not in its possession, custody, or control.

Subject to the General and Specific Objections set forth above, ASRC encloses a redacted excerpt of ASRC's telephone bill for the invoice period August 29, 2011 through September 28, 2011. (*See* ASRCPONTIAC 000001-3) These records reflect that a telephone call was made from a phone at ASRC's offices to 760 448-1887 at 2:46 p.m. ET on September 22, 2011, and that the call lasted 0.7 minutes.

WILMERHALE

Evan J. Kaufman and Samuel H. Rudman
July 12, 2012
Page 5

2. **All documents identifying ASRC Federal's telephone service provider(s) during the period of time from August through November, 2011.**

   In addition to the foregoing General Objections, ASRC objects to Request No. 2 on the grounds that it is overbroad and unduly burdensome. ASRC also objects to this request because it is beyond the appropriate scope of discovery of a non-party such as ASRC. ASRC further objects to this Request to the extent it seeks production of documents not relevant to any party's claim or defense, and/or otherwise is beyond the appropriate scope of discovery of a non-party such as ASRC.

   Subject to the General and Specific Objections set forth above, ASRC's telephone service provider during the relevant period was PAETEC. ASRC's cellular service provider during this time was Verizon Wireless.

3. **All telephone records of all calls made from Mr. Kenneth Asbury's business cell phone – 301/875-2336 – to L.R. Hodges & Associates, Ltd., including Ken Keatley, to or at one or more of the following telephone numbers: 760/448-1887; 760/448-1880; and/or 800/699-6043, during the period of time between August through November, 2011.**

   In addition to the foregoing General Objections, ASRC objects to Request No. 3 on the grounds that it is overbroad and unduly burdensome. ASRC further objects to this request to the extent it seeks production of documents not relevant to any party's claim or defense, and/or otherwise is beyond the appropriate scope of discovery of a non-party such as ASRC. ASRC also objects to this Request to the extent it requires disclosure of personal and/or confidential information whose dissemination is prohibited by, among other things, applicable law, and contracts entered between ASRC and its employees, customers, vendors and/or partners. ASRC further objects to this Request to the extent it seeks the production of documents or information that are protected by the attorney client privilege and/or the work product doctrine. In addition, ASRC objects to this Request to the extent it seeks documents that are or information that is already in the possession of or known to Plaintiff. Finally, ASRC objects to this Request to the extent it seeks telephone records that are not with ASRC's possession, custody, or control.

   Subject to the General and Specific Objections set forth above, ASRC provides the following telephone records responsive to Plaintiff's request. Because ASRC's cell phone records are maintained in Excel spreadsheets, which are unsuited to printing and/or redaction, we reproduce below the requested information regarding the two responsive telephone calls, which took place between 2:45 p.m. and 3:35 p.m. ET on September 22, 2011:

WILMERHALE

Evan J. Kaufman and Samuel H. Rudman
July 12, 2012
Page 6

| Bill Cycle | Wireless Number | User Name | Date | Time | Number | Origination | Destination | Minutes |
|---|---|---|---|---|---|---|---|---|
| 1-Oct-11 | 301-875-2336 | KEN ASBURY | 22-Sep | 2:45P | 760-448-1887 | Rockville MD | Ocsd Crls CA | 15 |
| 1-Oct-11 | 301-875-2336 | KEN ASBURY | 22-Sep | 2:59P | 760-448-1887 | Rockville MD | Ocsd Crls CA | 36 |

4. **All telephone records of all calls made by Mr. Kenneth Asbury's [sic] from telephone number 301/340-1994, 719/439-0272, 719/836-0523 and/or 301/837-3914 to L.R. Hodges & Associates, Ltd., including to Ken Keatley, to or at one or more of the following telephone numbers: 760/448-1887; 760/448-1880; and/or 800/699-6043, during the period of time between August through November, 2011.**

In addition to the foregoing General Objections, ASRC objects to Request No. 4 on the grounds that it is overbroad and unduly burdensome. ASRC further objects to this request to the extent it seeks production of documents not relevant to any party's claim or defense, and/or otherwise is beyond the appropriate scope of discovery of a non-party such as ASRC. ASRC also objects to this Request to the extent it requires disclosure of personal and/or confidential information whose dissemination is prohibited by, among other things, applicable law, and contracts entered between ASRC and its employees, customers, vendors and/or partners. ASRC further objects to this Request to the extent it seeks the production of documents or information that are protected by the attorney client privilege and/or the work product doctrine. ASRC objects to this Request to the extent it seeks documents that are or information that is already in the possession of or known to Plaintiff. In addition, ASRC objects to this Request to the extent it seeks telephone records that are not in its possession, custody, or control. Finally, ASRC objects to Request No. 4 to the extent that it is duplicative of Request No. 1.

Subject to the General and Specific Objections set forth above, ASRC responds to Request No. 4 by referring Plaintiff to its Response to Request No. 1. ASRC's telephone system is set up in such a way that all calls appear to come from the same extension; therefore, ASRC cannot identify which calls originated with Ken Asbury. The records produced in response to Request No. 1 identify one telephone call made to 760 448-1887; however, we cannot confirm whether this call was initiated from Mr. Asbury's telephone line, (301) 837-3914.

\* \* \* \* \*

WILMERHALE

Evan J. Kaufman and Samuel H. Rudman
July 12, 2012
Page 7

    ASRC believes it has been wholly responsive to the Subpoena and endeavors to cooperate with the parties to this matter. Please advise if you have any concerns about ASRC's responses and objections to the Subpoena.

Sincerely,

*Todd R. Steggerda*
/EKC

Todd Steggerda

cc:    Ronald L. Fouse
        Vice President and General Counsel
        ASRC Federal Holding Company LLC
        6303 Ivy Lane, Suite 130
        Greenbelt, MD 20770

        John Michael Hillebrecht
        DLA Piper US LLP
        1251 Avenue of the Americas
        New York, NY 10020
        Counsel for Lockheed Martin Corporation and Other Named Defendants

        Jeannette Viggiano Torti
        Bingham McCutchen LLP
        2020 K Street NW
        Washington, DC 20006
        Counsel for Kenneth Asbury


**PAETEC**

Billing Invoice

ATTN: Customer Care
600 WillowBrook Office Park
Fairport, NY 14450

Return Service Requested

☐ Check here for change of address (note changes below)

ATTN: PO FH2343 ATTN: ASRC FEDERAL HOLDINGS
PO BOX 400
GREENBELT, MD 20768-0400

| Account Number | Invoice Date | Total Amount Due |
|---|---|---|
| Redacted | Sep 29, 2011 | Redacted |

| Invoice Number | Due Date | Amount Enclosed |
|---|---|---|
| Redacted | Oct 28, 2011 | |

PAETEC
P.O. Box 1283
Buffalo, NY 14240-1283

Redacted

*Please detach and return above portion with your payment*


**PAETEC**

ATTN: Customer Care
600 WillowBrook Office Park
Fairport, NY 14450

| Account Number | Invoice Date | Total Amount Due |
|---|---|---|
| Redacted | Sep 29, 2011 | Redacted |

## Summary of Charges - Invoice 53449616

| | |
|---|---|
| PREVIOUS BALANCE | Redacted |
| Payments - Thank You | |
| Balance Forward - Due upon receipt |  Redacted |
| Monthly Charges | Redacted |
| Usage Charges | |
| Credits | |
| Other Charges | |
| Taxes and Surcharges | |
| New Charges - Due by Oct 28, 2011 | Redacted |
| TOTAL INVOICE AMOUNT | Redacted |

### Important Messages

**PAETEC Protects Your CPNI Rights**
In order to inform you of other PAETEC products and services that may benefit you, PAETEC may wish to access information related to your account(s), particularly information known as Customer Proprietary Network Information (CPNI). Information constituting CPNI includes the kinds of services you have, how you use them, and how they are billed. If you do not want PAETEC to access and use your CPNI, please contact Customer Care at the number listed on your invoice and indicate your preference. Additional information regarding CPNI and your rights may be found at www.paetec.com/about-us/notice/cpni.html.

**PAETEC Standard Terms & Conditions**
For general information regarding PAETEC's Standard Terms & Conditions, visit
www.paetec.com/about-us/notice/terms-conditions.html



**PAETEC Online**
Manage your PAETEC services directly and review invoice details, charge descriptions, and payment history at www.paeteconline.com.

**Contact Us**
Billing:    877.340.2600 or www.paeteconline.com
E-mail:     customercare@paetec.com
Repair:     877.340.2555
Web site:   www.paetec.com

*personalizing business communications*

Page 1

ASRCPONTIAC 000001



## Monthly Recurring Direct Payment Authorization Agreement

I authorize PAETEC to initiate recurring electronic debits to my (check one):

[ ] Checking Account (must include a voided check)

[ ] Savings Account (must include a deposit slip)

Financial Institution Name: _____

Financial Institution Phone: _____

**Authorization**
I/We authorize and request PAETEC to initiate electronic debit entries or use any other commercially accepted practice to charge my/our account in the financial institution indicated above.

Signature: _____

Print Name & Title: _____

E-mail: _____

This authorization pertains to the schedule of payments or other amounts due as defined in the PAETEC Master Service Agreement (MSA) between PAETEC and me/us. Payments will be withdrawn from the account listed above within thirty (30) days of the invoice date listed on the bill.

**Cancellation**
I/We may cancel this authorization by providing PAETEC written notice and such notice shall be effective thirty (30) days after receipt. I/We acknowledge that PAETEC may cancel this authorization at any time.

I agree to the authorization and cancellation terms stated above and understand I will be enrolled in the PAETEC Monthly Recurring Direct Payment program.

Date: _____

Phone: _____

---

**Remittance Section** Detach this section from your invoice and mail it with your full payment in the enclosed envelope.

**Balance Forward** after payments and adjustments are applied. A late payment charge is assessed on this amount.

**Account Activity** is a summary of your account activity since your last invoice.

**Monthly Charges** graph shows your monthly charges for the last 12 months.

**Account Summary** section contains the total amount due.

**Customer Information** section informs you of changes to your account, new products, and service enhancements.

---

### Definitions

**Due By:** To ensure payment is processed before the due date, please allow at least seven (7) business days for mail delivery.

**Late Payment Charges:** A late payment charge of 1.5% will be added to any past due balance. This charge may vary depending on specific state regulations.

**Universal Service Fund Surcharge:** A federal subsidy that ensures that communication service with adequate facilities and reasonable charges is available to everyone. See: http://www.universalservice.org/about/universal-service

**Regulatory Assessment Surcharge:** Supports certain federal and state regulatory programs.

**Local Number Portability (LNP) Surcharge:** A surcharge that recovers PAETEC's costs of participation in the national program that allows customers to switch local providers while keeping the same telephone number.

**Gross Revenue Surcharge/Receipts:** State or regulatory surcharge assessed on telephone service.

**National Access Charge:** An access charge assessed for each telephone number where PAETEC has been selected as the primary switched long distance carrier.

**Federal Subscriber Line Charge (FSLC):** FSLC is a per line service charge to access interexchange or long distance carriers or providers of the customers' choice. FSLC is flat-rated monthly recurring service charge assessed per customer line type. PAETEC's FSLC rates are set forth in PAETEC's interstate access tariff.

**PAETEC Companies:** Services are provided by PAETEC Communications, Inc., or by one or more of the following companies D/B/A PAETEC Business Services:

McLeodUSA Telecommunications Services, L.L.C.
PAETEC ITEL, L.L.C.
US LEC Communications, L.L.C.
US LEC of Alabama, L.L.C.
US LEC of Florida, L.L.C.
US LEC of Georgia, L.L.C.
US LEC of Maryland, L.L.C.
US LEC of North Carolina, L.L.C.
US LEC of Pennsylvania, L.L.C.
US LEC of South Carolina, L.L.C.
US LEC of Tennessee, L.L.C.
US LEC of Virginia, L.L.C.

*: Indicates a payphone surcharge has been added to the call.

ASRCPONTIAC 000002



**PAETEC**

DATE OF INVOICE 09.29.11
INVOICE PERIOD 08.29.11 - 09.28.11

ITEMIZED CALL DETAIL

INVOICE NUMBER  Redacted
ACCOUNT NUMBER
PAGE  53

LONG DISTANCE OUTGOING CALL DETAIL (CONT'D) - 4449123 ASRC FEDERAL HOLDINGS

| (240) 905-4211 | | | | | |
|---|---|---|---|---|---|
| REFERENCE | DATE | TIME | # CALLED | LOCATION | MINUTES AMOUNT |

Redacted

| (240) 965-4211 | | | | | | |
|---|---|---|---|---|---|---|
| REFERENCE | DATE | TIME | # CALLED | LOCATION | MINUTES | AMOUNT |
| Redacted | | | | | | |
| 533885085 | 09/22 | 02:46 PM | 780-448-1887 | OCSD CRLS, CA | 0.7 | 0.0200 |

Redacted



ASRCPONTIAC 000003

**EXHIBIT B**

| ECPD Prof Bill | Cycle | Account Nu | Invoice Nu | Wireless Numt | User Name | Usage Cat | Date | Time | Number | Rate | Usage Typ | Descriptior | Origination | Destination | Intl Call | Ty Min | Charge | Long Dist / Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 957917 | 1-Oct-11 | 903068703 | 6.64E+09 | 301-875-2336 | KEN ASBURY | Voice | 22-Sep | 2:45P | 760-448-1887 | Peak | PlanAllow | | Rockville M | Ocsd Crls CA | | 15 | 0 | 0 | 0 |
| 957917 | 1-Oct-11 | 903068703 | 6.64E+09 | 301-875-2336 | KEN ASBURY | Voice | 22-Sep | 2:59P | 760-448-1887 | Peak | PlanAllow | | Rockville M | Ocsd Crls CA | | 36 | 0 | 0 | 0 |
| Redacted | | | | | | | | | | | | | | | | | | | |

ASRCPONTIAC 000004