```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
CITY OF PONTIAC GENERAL EMPLOYEE'S       :
RETIREMENT SYSTEM,                       :
                                         :
                  Plaintiff,             :
                                         :        11 Civ. 5026 (JSR)
            -v-                          :
                                         :        ORDER
LOCKHEED MARTIN CORP.,                   :
                                         :
                  Defendant.             :
---------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

Pending before the Court in the above-captioned case is plaintiff's motion to compel disclosure of (1) contemporaneous notes of interviews that attorneys from DLA Piper ("DLA"), counsel for defendant, conducted with the so-called confidential witnesses referenced in plaintiff's complaint; (2) DLA's memoranda of these interviews; (3) draft affidavits DLA thereafter provided to these witnesses; and (4) emails and documents DLA provided to these witnesses. Defendant maintains that these documents are protected by attorney-client privilege and/or work product doctrine. Having conducted an in camera review of the requested documents, and having considered the parties' letter briefs, the Court resolves the motion as follows:

First, the Court is dubious as to the assertion of attorney-client privilege with respect to many, if not most, of the materials here submitted. However, the Court need not reach this issue at this time because the materials, with one exception detailed below, fall

within the protection of the work-product doctrine, which, the Court finds, has not been waived.

Second, the Court will nevertheless retain the materials submitted for in camera review for two reasons, both because it is conceivable that the work product protection might be waived or overcome at the forthcoming hearing regarding the confidential witnesses, and because, if not so waived, the materials will then be placed under seal for review by any appellate court.

Third, notwithstanding the above, the court orders disclosure to plaintiffs of the last two paragraphs and the accompanying footnote on page 8 of Katie Ruffing's memorandum of 5/8/2012 to James Wareham et al. (i.e., privilege log #1, entry 434), on the ground that the quoted statements of the interviewee recited in the first of these paragraphs is not entitled to any privilege or protection and that the remaining paragraph is necessary to provide context. If defendant wishes to raise any further objection to the disclosure of these two paragraphs, defendant's counsel should convene a joint conference call with the Court by no later than noon on Wednesday, September 19, 2012. Otherwise, defendant is ordered to furnish the two paragraphs described above to plaintiff's counsel by 5 p.m. on September 19, 2012.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       September 17, 2012