# Exhibit QQ

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

BELMONT HOLDINGS CORP., et
al., Individually and on Behalf of All
Others Similarly Situated,

                    **Plaintiff,**

    **v.**

SUNTRUST BANKS, Inc., et al.,

                    **Defendants.**

                **1:09-cv-1185-WSD**

                  **(Consolidated)**

## ORDER

This matter is before the Court following communications to the Court from Desiree Torres ("Ms. Torres") regarding the Court's Order of August 28, 2012.[1]

On September 24, 2012, Ms. Torres contacted the Courtroom Deputy Clerk assigned to this Court's chambers. Ms. Torres advised she had read the Court's August 28th Order and was compelled to contact the Court. Ms. Torres was concerned about the accuracy of information counsel provided and argued to the Court, and upon which the August 28th Order was based. She also was concerned that her Declaration had been used to make it appear that she was responsible for

---

[1] The factual background and procedural history regarding this action is more fully recounted in the Court's September 7, 2011, and August 28, 2012, Orders (the "September 7th Order" and "August 28th Order").

Case 1:11-cv-05026-JSR Document 92-43 Filed 10/15/12 Page 3 of 4

the allegations that were included in the Complaint and Amended Complaint which the Court found were insufficient to avoid dismissal of these pleadings. Ms. Torres stated she had information that she wished to share with the Court, including that Plaintiff's counsel were involved in the interviews of Mr. Trapani and that, in those interviews, Mr. Trapani made clear that he did not have any knowledge after August 2007 of Defendants' conduct or beliefs regarding the ALLL and Provision.

The unsolicited contact with the Court by Ms. Torres is an unusual event and what was reported requires further inquiry, including to develop facts regarding the process by which information was obtained from Mr. Trapani, and Plaintiff's representations of it in submissions filed. The Court finds that it should allow Ms. Torres the opportunity to present information to the Court and should request Wolfram Worms, for whom Ms. Torres was employed and who was involved in the investigation, to provide information regarding the interviews of and collection of information from Mr. Trapani. The Court also concludes that counsel for the parties should be allowed to attend this proceeding, including to ask any follow-up questions of Ms. Torres and Mr. Worms to ensure that the Court has a complete account of the development of information from Mr. Trapani and the presentation of that information to the Court. The Court does not, at this stage, reach any conclusions about the information provided to the Court by counsel or any other

person involved in this action.  The purpose of this proceeding is to receive

information from Ms. Torres and Mr. Worms, to receive from the parties additional

information they may want to offer, and to receive their interpretation and

evaluation of the information reported.  The Court will, after the proceeding,

evaluate whether further inquiry or action is required.

Accordingly,

**IT IS HEREBY ORDERED** that the parties shall **APPEAR** before the

Court on November 9, 2012, at 11:00 a.m. at the United States District Court,

Richard B. Russell Federal Building, 75 Spring Street S.W., Atlanta, Georgia

30303.  The Court later will schedule a conference call to discuss the structure for

the session scheduled for November 9, 2012.


**SO ORDERED** this 4th day of October, 2012.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE