

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————— x

CITY OF PONTIAC GENERAL    :
EMPLOYEES' RETIREMENT SYSTEM,    :
Individually and on Behalf of All Others    :
Similarly Situated,    :

           Plaintiff,    :

     vs.    :

LOCKHEED MARTIN CORPORATION, et    :
al.,    :

           Defendants.    :

——————————————————————— x

Civil Action No. 1:11-cv-05026-JSR

CLASS ACTION

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE

823435_3

WHEREAS, an action is pending before this Court styled *City of Pontiac General Employees' Retirement System v. Lockheed Martin Corporation, et al.*, Civil Action No. 1:11-cv-05026-JSR (the "Action");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Action, in accordance with a Settlement Agreement dated February 15, 2013, which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all defined terms herein have the same meanings as set forth in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court does hereby preliminarily approve the Settlement Agreement and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.      A hearing (the "Settlement Hearing") shall be held before this Court on June 3, 2013, at 4:00 p.m., in Courtroom 14B to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Judgment as provided in ¶1.12 of the Settlement Agreement should be entered; whether the proposed Plan of Distribution should be approved; and to determine any amount of fees and expenses that should be awarded to Lead Counsel and to Lead Plaintiff for their service to the Class; to hear any objections by Class Members to the Settlement Agreement or Plan of Distribution or any award of fees and expenses to Lead

- 1 -

Counsel and to the Lead Plaintiff; and to consider such other matters as the Court may deem appropriate.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure the Class is defined as all Persons who purchased the common stock of Lockheed Martin between April 21, 2009 and July 21, 2009, inclusive. Excluded from the Class are:

(a)      Persons or entities who submit valid and timely requests for exclusion from the Class; and

(b)      Defendants, members of the immediate family of any such Defendant, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has or had a controlling interest during the Class Period, the officers and directors of any Defendant during the Class Period, and legal representatives, agents, executors, heirs, successors or assigns of any such excluded Person.

4.      Pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, the Court appoints the firm Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)      Not later than April 1, 2013, Lockheed Martin will use reasonable efforts to cause its transfer agent to provide to the Claims Administrator in a computer-readable format, the last known names and addresses of all Lockheed Martin shareholders of record during the Class Period. Lockheed Martin shall bear the expense of providing such names and addresses;

(b)      Not later than April 5, 2013 (the "Notice Date"), Lead Counsel and/or the Claims Administrator shall cause a copy of the Notice and the Proof of Claim and Release form, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by First-Class Mail

- 2 -

to all Class Members who can be identified with reasonable effort and to be posted on its website at www.gilardi.com;

      (c)    Not later than April 15, 2013, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* and once over the *Business Wire*; and

      (d)    Not later than May 20, 2013, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

      5.    Nominees who purchased Lockheed Martin common stock for the benefit of another Person during the period from April 21, 2009 and July 21, 2009, inclusive, shall be requested to send the Notice and Proof of Claim and Release form to such beneficial owners of Lockheed Martin securities within seven (7) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within seven (7) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim and Release form to such beneficial owners.

      6.    Other than the cost of providing Lockheed Martin's transfer records to the Claims Administrator, all fees, costs, and expenses incurred in identifying and notifying members of the Class shall be paid from the Settlement Fund and in no event shall Defendants bear any responsibility for such fees, costs, or expenses.

      7.    All members of the Class (except Persons who request exclusion pursuant to ¶10 below) shall be bound by all determinations and judgments in the litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including,

823435_3

without limitation, by submitting a Proof of Claim and Release form or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

8.      Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim and Release must be submitted no later than June 24, 2013. Any Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

9.      Any member of the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

10.     Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked by May 15, 2013. A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases and sales of Lockheed Martin common stock from April 21, 2009 to July 21, 2009, inclusive, including the dates, the number of shares of Lockheed Martin common stock purchased or sold, and price paid or received for each such purchase or sale; and (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Settlement

- 4 -

Agreement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Agreement or any final judgment.

11.     Copies of all Requests for Exclusion received, together with copies of all written revocations of Requests for Exclusion, shall be delivered to Defendants' counsel by Lead Counsel within three (3) business days of receipt by Lead Counsel but in no event later than seven (7) business days before the Settlement Hearing.

12.     Any member of the Class may appear and object if he, she, or it has any reason why the proposed Settlement of the Action should not be approved as fair, reasonable and adequate, or why a judgment should not be entered thereon, why the Plan of Distribution should not be approved, why attorneys' fees and expenses should not be awarded to counsel for Lead Plaintiff or to Lead Plaintiff for their service to the Class; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Distribution, or any attorneys' fees and expenses to be awarded to Lead Counsel or to Lead Plaintiff, unless written objections and copies of any papers and briefs are received by Robbins Geller Rudman & Dowd LLP, Helen J. Hodges, 655 West Broadway, Suite 1900, San Diego, CA 92101; Robbins Geller Rudman & Dowd LLP, Samuel H. Rudman, Evan J. Kaufman, 58 South Service Road, Suite 200, Melville, NY 11747; and DLA Piper US LLP, James D. Wareham, John M. Hillebrecht, 1251 Avenue of the Americas, New York, NY 10020-1104; on or before May 15, 2013; and said objections, papers, and briefs are filed with the Clerk of the United States District Court for the Southern District of New York, on or before May 15, 2013. Any member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to

- 5 -

823435_3

the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Settlement Agreement, to the Plan of Distribution, and to the award of attorneys' fees and expenses to Lead Counsel or Lead Plaintiff, unless otherwise ordered by the Court.

13.    All funds held in the Escrow Account shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

14.    All papers in support of the Settlement, Plan of Distribution, and any application by Lead Counsel or Lead Plaintiff for attorneys' fees and expenses shall be filed and served no later than May 1, 2013 and any reply papers shall be filed and served by May 24, 2013.

15.    The Released Persons shall have no responsibility for the Plan of Distribution or any application for attorneys' fees or expenses submitted by Lead Counsel or Lead Plaintiff, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

16.    At or after the Settlement Hearing, the Court shall determine whether the Plan of Distribution proposed by Lead Counsel, and any application for attorneys' fees and expenses should be approved.

17.    All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Settlement Agreement.  In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Lead Plaintiff nor its counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶3.6 or 3.7 of the Settlement Agreement.

- 6 -

18.     Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants or any other Released Persons of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

19.     All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.  Pending final determination of whether the Settlement should be approved, neither the Lead Plaintiff nor any Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

- 7 -

20.     The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the members of the Class, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶2 above, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

DATED:  ___3/27/13_____     _____

THE HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

- 8 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———— ———— ———— ———— x

|  |  |
|---|---|
| CITY OF PONTIAC GENERAL EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>               Plaintiff,<br><br>    vs.<br><br>LOCKHEED MARTIN CORPORATION, et al.,<br><br>               Defendants. | Civil Action No. 1:11-cv-05026-JSR<br><br>CLASS ACTION<br><br>NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION<br><br>EXHIBIT A-1 |

———— ———— ———— ———— x

822814_6

# TABLE OF CONTENTS

**Page**

I.    SUMMARY OF THIS NOTICE ...................................................................1

    Your Options.........................................................................................1

    Statement of Class Recovery ................................................................3

    Statement of Potential Outcome of Case .............................................4

    Statement of Attorneys' Fees and Expenses Sought ............................5

    Reasons for Settlement ........................................................................5

    Further Information...............................................................................6

II.    NOTICE OF HEARING ON PROPOSED SETTLEMENT ...............................6

III.    THE LITIGATION ................................................................................6

IV.    CLAIMS OF THE CLASS AND BENEFITS OF SETTLEMENT .....................9

V.    DEFENDANTS' DENIAL OF LIABILITY ..................................................9

VI.    TERMS OF THE PROPOSED SETTLEMENT ...........................................10

VII.    REQUESTING EXCLUSION FROM THE CLASS ......................................11

VIII.    THE RIGHTS OF CLASS MEMBERS ....................................................11

IX.    PLAN OF DISTRIBUTION ..................................................................12

X.    DISMISSAL AND RELEASES ..............................................................18

XI.    APPLICATION FOR ATTORNEYS' FEES AND EXPENSES........................20

XII.    CONDITIONS FOR SETTLEMENT........................................................21

XIII.    THE RIGHT TO OBJECT AND BE HEARD AT THE HEARING ..................21

XIV.    SPECIAL NOTICE TO BANKS, BROKERS AND OTHER NOMINEES.........23

XV.    EXAMINATION OF PAPERS ...............................................................23

822814_6

TO:    ALL PERSONS WHO PURCHASED THE COMMON STOCK OF LOCKHEED MARTIN CORPORATION ("LOCKHEED MARTIN" OR THE "COMPANY") BETWEEN APRIL 21, 2009 AND JULY 21, 2009, INCLUSIVE (THE "CLASS PERIOD")

### PLEASE READ THIS NOTICE CAREFULLY.

### YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.

### I.    SUMMARY OF THIS NOTICE

This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York ("Court"). The purpose of this Notice is to inform you of the proposed settlement of a class action lawsuit ("Action"), as set forth in the Settlement Agreement ("Settlement Agreement" or "Settlement"), between Lead Plaintiff City of Pontiac General Employees' Retirement System ("Lead Plaintiff" or "Pontiac") and Defendants Lockheed Martin, Robert Stevens, Bruce Tanner and Linda Gooden (collectively, "Settling Parties") and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement. This Notice is not intended to be, and should not be understood as, an expression of any opinion by the Court concerning the merits of the Action. This Notice describes the rights you may have in connection with the Settlement and what steps you may take in relation to the Settlement.

**Your Options –** If you are a Class Member, you have the following four options:

1.    To share in the proceeds of the proposed Settlement, you may file a Proof of Claim and Release form by June 24, 2013 (*see* Section VIII.1).

- 1 -

822814_6

2.     If you do not timely and validly request exclusion from the Class, you may object to the Settlement by submitting a written objection by May 15, 2013 (*see* Section VIII.2).

3.     You may do nothing at all.  If you choose this option, you will not share in the proceeds of the Settlement, but you will be bound by any judgment entered by the Court in connection with the Settlement (*see* Section VIII.3).

4.     If you do not wish to be included in the Class and you do not wish to participate in the proposed Settlement, you may mail a written exclusion request by May 15, 2013 (*see* Section VII).

The proposed Settlement creates a fund in the amount of $19,500,000 in cash before deductions of attorneys' fees, costs, and expenses.  The Settling Parties disagree on the potential liability of Defendants, and they do not agree on the average amount of damages per share, if any, that would be recoverable if Lead Plaintiff were to have prevailed at trial on each claim alleged. Lead Plaintiff and Lead Counsel (as defined below) believe that the proposed Settlement is an excellent recovery and is in the best interests of the Class (as defined below) in light of the risks associated with continuing to litigate and proceeding to trial.  The Class, as certified by the Court for the purposes of settlement on March 27, 2013 consists of all Persons (as defined on page 3) who purchased Lockheed Martin common stock between April 21, 2009 and July 21, 2009, inclusive, excluding Persons or entities who submit valid and timely requests for exclusion from the Class and Defendants, members of the immediate family of any such Defendant, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has or had a controlling interest during the Class Period, the officers and directors of any Defendant during the Class Period, and legal representatives, agents, executors, heirs, successors or assigns of any such excluded Person (the "Class").

- 2 -

If the Settlement is approved by the Court, Court-appointed counsel for Lead Plaintiff, Robbins Geller Rudman & Dowd LLP ("Lead Counsel"), will apply to the Court for an award of attorneys' fees not to exceed 33% of the Settlement Fund (as defined below) plus expenses not to exceed $1 million, plus interest on both, to be paid from the Settlement Fund. You may contact the claims administrator, Gilardi & Co. LLC ("Claims Administrator''), or a representative of Lead Counsel for further information about the Settlement; see below under "Further Information" for the contact information.

**Statement of Class Recovery** - The proposed Settlement with Defendants creates a fund in the amount of $19,500,000 in cash, which will include interest that accrues prior to distribution ("Settlement Fund"). Based on Lead Counsel's estimate of the number of shares of stock that may have been damaged, and assuming that all those shares participate in the Settlement, Lead Plaintiff estimates that the average recovery would be approximately $0.56 per share. Your recovery from this fund, however, will depend on a number of variables, including the number of shares of Lockheed Martin you sold during the Class Period, the number and amount of claims actually filed, and the estimate of recoverable losses based on the analysis of Lead Plaintiff's damages consultant. You are advised to review the Plan of Distribution set forth on pages 12 to 17 below in the Notice, which provides the actual formula that will be applied to claims submitted by each eligible individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and his, her or its spouses, heirs, predecessors, successors, representatives, or assignees ("Person") who falls within the definition of the Class ("Class Member"). This estimate above is also before deduction of any Court-awarded expenses, such as attorneys' fees and expenses, and the cost of sending this Notice and administering the

- 3 -

distribution of the settlement proceeds.  If the Court approves the full legal fees and expenses requested by Lead Counsel, the average recovery will be approximately $0.37 per share.

**Statement of Potential Outcome of Case** – Lead Plaintiff believes that the proposed Settlement is a very good recovery and is in the best interests of the Class.  There were significant risks associated with continuing to litigate and proceeding to summary judgment and trial, and if Defendants prevailed at either of those stages, the Class would receive nothing.  In addition, the amount of damages recoverable by the Class was and is challenged by Defendants.  Recoverable damages in this case are limited to losses caused by conduct actionable under applicable law and, had the Action gone to trial, Defendants intended to assert that all of the losses of Class Members were caused by non-actionable market, industry, or general economic factors.  Defendants would also assert that throughout the Class Period, the uncertainties and risks associated with Lockheed Martin's business and financial condition were fully and adequately disclosed.

Specifically, Defendants have denied and continue to deny each and all of the claims and contentions alleged in the Action.  The issues on which the parties disagree include: (1) whether the statements made or facts allegedly omitted were false, material, or otherwise actionable under the federal securities laws; (2) the extent to which the various matters that Lead Plaintiff alleged were materially false or misleading influenced (if at all) the trading price of Lockheed Martin shares at various times during the Class Period; (3) the extent to which the various allegedly adverse material facts that Lead Plaintiff alleged were omitted influenced (if at all) the trading price of Lockheed Martin shares at various times during the Class Period; (4) the extent to which external factors, such as general market conditions, influenced the trading prices of Lockheed Martin shares at various times during the Class Period; (5) the effect of various market forces influencing the trading prices of Lockheed Martin shares at various times during the Class Period; (6) the amount by which

- 4 -

Lockheed Martin shares were allegedly artificially inflated (if at all) during the Class Period; and (7) the appropriate economic model for determining the amount by which Lockheed Martin shares were allegedly artificially inflated (if at all) during the Class Period. Lead Plaintiff and Defendants do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff were to have prevailed on each claim asserted. Defendants deny that they have violated the federal securities laws or any laws.

**Statement of Attorneys' Fees and Expenses Sought** - Lead Counsel have committed a significant amount of time prosecuting claims against Defendants on behalf of Lead Plaintiff and the Class. In addition, they have not been paid for their expenses. If the Settlement is approved by the Court, Lead Counsel may apply to the Court for an award of attorneys' fees not to exceed 33% of the Settlement Fund plus expenses not to exceed $1 million, plus interest on both, to be paid from the Settlement Fund. The Court will determine the amount to be awarded to Lead Counsel. If the amounts described above are requested and approved by the Court, the average cost will be approximately $0.187 per share. In addition, the Lead Plaintiff may seek reimbursement of its expenses incurred in prosecuting the Action on behalf of the Class in an amount not to exceed $2,264.20.

**Reasons for Settlement** – Lead Plaintiff believes that the proposed Settlement with Defendants is an excellent recovery and is in the best interests of the Class. Because of the risks associated with continuing to litigate and proceeding to trial, there was a danger that the Class would not have prevailed on their claims against Defendants, in which case the Class would receive nothing from Defendants. The amount of damages recoverable by Class Members was and is challenged by Defendants. Recoverable damages in this case are limited to losses caused by conduct actionable under applicable law and, had the Action gone to trial, Defendants would have asserted that they

822814_6

have meritorious defenses and that Lead Plaintiff has failed to demonstrate adequately all of the elements of its claims.

**Further Information -** If you have any questions about the Settlement of the Action, you may contact a representative of Lead Counsel: Rick Nelson, c/o Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900. You may also contact the Claims Administrator at *Lockheed Martin Securities Litigation*, c/o Gilardi & Co. LLC, P.O. Box 990, Corte Madera, CA 94976-0990.

## II.    NOTICE OF HEARING ON PROPOSED SETTLEMENT

A hearing (the "Settlement Hearing") will be held on June 3, 2013, at 4:00 p.m., before the Honorable Jed S. Rakoff, United States District Judge, at the Daniel Patrick Moynihan United States Courthouse, Courtroom 14B, 500 Pearl Street, New York, New York 10007.  The purpose of the Settlement Hearing will be to determine: (1) whether the Settlement consisting of Nineteen Million Five Hundred Thousand Dollars ($19,500,000.00) in cash plus accrued interest on the Settlement Fund should be approved as fair, reasonable, and adequate to the Class; (2) whether the proposed plan to distribute the settlement proceeds (the "Plan of Distribution") is fair, reasonable, and adequate; (3) whether the application by Lead Counsel for an award of attorneys' fees and expenses and the Lead Plaintiff's expenses should be approved; and (4) whether the Action should be dismissed with prejudice.  The Court may adjourn or continue the Settlement Hearing without further notice to the Class.

## III.    THE LITIGATION

On July 20, 2011, Lead Plaintiff filed a class action complaint against Defendants in the Court alleging violations of the federal securities laws. On October 6, 2011, Lead Plaintiff filed an amended complaint (the "Amended Complaint") (which was subsequently corrected on November

- 6 -

19, 2012). The Amended Complaint asserts claims under §§10(b), 20(a) and 20(b) of the Securities Exchange Act of 1934 (15 U.S.C. §§78j(b), 78t(a) and 78t(b)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5). On November 7, 2011, the Court appointed Pontiac as Lead Plaintiff and Robbins Geller Rudman & Dowd LLP as Lead Counsel.

On December 7, 2011, Defendants moved to dismiss the Amended Complaint. Lead Plaintiff opposed the motions. On February 14, 2012, the Court issued its Order denying in part and granting in part Defendants' motions. Specifically, the Court sustained Lead Plaintiff's §10(b) claims and dismissed Lead Plaintiff's §§20(a) and 20(b) claims. On July 13, 2012, the Court issued its Opinion explaining its reasoning for the rulings made in its February 14, 2012 Order. Defendants answered the Amended Complaint on March 1, 2012.

The parties exchanged initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure on March 7, 2012 and discovery commenced. Over the course of the discovery, the Defendants and sixteen non-parties produced more than 998,000 pages of documents in response to Lead Plaintiff's discovery requests, which were reviewed and analyzed by Lead Counsel, and Lead Plaintiff produced over 15,000 pages of documents in response to Defendants' discovery requests. On May 2, 2012, Lead Plaintiff filed its motion for class certification. A representative of Lead Plaintiff and four other witnesses were deposed by Defendants and Defendants filed an opposition to Lead Plaintiff's motion for class certification on May 23, 2012. Lead Plaintiff filed its class certification reply brief on June 13, 2012. A hearing on Lead Plaintiff's class certification motion took place on June 20, 2012 and the Court entered an Order certifying the class, appointing Pontiac as Class Representative and Robbins Geller Rudman & Dowd LLP as Class Counsel, on December 14, 2012.

- 7 -

On June 25, 2012, Defendants filed a motion for summary judgment related to allegations in the Amended Complaint attributed to certain confidential witnesses cited to therein ("Summary Judgment I"). Lead Plaintiff filed an opposition to Defendants' motion for Summary Judgment I on July 19, 2012. Defendants filed their Summary Judgment I reply brief on July 24, 2012. A hearing on Defendants' motion for Summary Judgment I took place on July 25, 2012. On October 1, 2012, the Court held an evidentiary hearing during which certain confidential witnesses referenced in the Amended Complaint testified. Thereafter, the parties submitted supplemental briefing. On December 14, 2012, the Court entered its Order denying Defendants' motion for Summary Judgment I.

On December 6, 2012, the parties attended a mediation session with the Honorable Daniel Weinstein (Ret.), and although no agreement was reached, the parties continued their negotiations with the assistance of the mediator. As a result of those further discussions led by the mediator, on December 14, 2012, the parties reached an agreement-in-principle to resolve the Action and entered into a memorandum of understanding setting forth the basic terms of the Settlement.

In addition to discovery related to class certification and the confidential witness issue raised in Defendants' Summary Judgment I, between May 2012 and the middle of October 2012, the parties deposed over nineteen individuals, including each of the Individual Defendants as well as expert witnesses. After the close of fact discovery, Defendants filed a memorandum in support of their motion for summary judgment related to the merits of the case on November 19, 2012 ("Summary Judgment II"). Further briefing on Defendants' Summary Judgment II motion was stayed by Order of the Court on December 17, 2012 due to the settlement of this Action.

- 8 -

822814_6

## IV.   CLAIMS OF THE CLASS AND BENEFITS OF SETTLEMENT

Lead Plaintiff and Lead Counsel believe that the claims asserted in the Action have merit. However, Lead Plaintiff and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and appeal. Lead Plaintiff and Lead Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Action, as well as the risks posed by the difficulties and delays inherent in such litigation. Lead Plaintiff and Lead Counsel also are aware of the defenses to the securities law violations asserted in the Action. Lead Plaintiff and Lead Counsel believe that the Settlement set forth in the Settlement Agreement confers substantial benefits upon the Class in light of the circumstances present here. Based on their evaluation, Lead Plaintiff and Lead Counsel have determined that the Settlement set forth in the Settlement Agreement is in the best interests of Lead Plaintiff and the Class.

## V.   DEFENDANTS' DENIAL OF LIABILITY

Defendants have denied and continue to deny that they have violated the federal securities laws or any laws or have otherwise misled investors as alleged in the Action. Defendants have denied and continue to deny specifically each and all of the claims and contentions alleged in the Action, along with all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied and continue to deny, *inter alia*, the allegations that any of the Defendants made any material misstatements or omissions; that any member of the Class has suffered damages; that the prices of Lockheed Martin common stock were artificially inflated by reason of the alleged misrepresentations, omissions, or otherwise; that the members of the Class were harmed by the conduct alleged in the Action; or that Defendants knew about or were reckless

822814_6

with respect to the alleged misconduct. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action.

Nonetheless, taking into account the uncertainty, risks, and costs inherent in any litigation, especially in complex cases such as this Action, Defendants have concluded that further conduct of the Action could be protracted, burdensome, expensive, and distracting. Defendants have, therefore, determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in the Settlement Agreement. As set forth in paragraph 9.4 of the Settlement Agreement, the Settlement Agreement shall in no event be construed as or deemed to be evidence of an admission or concession by Defendants with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

## VI.    TERMS OF THE PROPOSED SETTLEMENT

The sum of Nineteen Million Five Hundred Thousand Dollars ($19,500,000.00) has been transferred to the Escrow Agent. The principal amount of Nineteen Million Five Hundred Thousand Dollars ($19,500,000.00), plus any accrued interest, constitutes the Settlement Fund. A portion of the settlement proceeds will be used for certain administrative expenses, including the costs of printing and mailing this Notice, the cost of publishing a newspaper notice, payment of any taxes assessed against the Settlement Fund, and costs associated with the processing of claims submitted. In addition, as explained below, a portion of the Settlement Fund may be awarded by the Court to Lead Counsel as attorneys' fees and for expenses in litigating the case, and to the Lead Plaintiff for its expenses. The balance of the Settlement Fund (the "Net Settlement Fund") will be distributed according to the Plan of Distribution described below to Class Members who submit valid and timely Proof of Claim and Release forms.

822814_6

## VII.    REQUESTING EXCLUSION FROM THE CLASS

If you do not wish to be included in the Class and you do not wish to participate in the proposed settlement described in this Notice you may request to be excluded. To do so, you must mail a written request stating that you wish to be excluded from the Class to:

> *Lockheed Martin Securities Litigation*
> EXCLUSIONS
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 990
> Corte Madera, CA  94976-0990

The request for exclusion must state: (1) your name, address, and telephone number; (2) all purchases and sales of Lockheed Martin shares made during the Class Period, including the dates and prices of each purchase or sale, and the number of shares purchased or sold; and (3) a clear statement that you wish to be excluded from the Class. YOUR EXCLUSION REQUEST MUST BE POSTMARKED ON OR BEFORE MAY 15, 2013. If you submit a valid and timely request for exclusion, you will be excluded from the Class, you shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Agreement or the Judgment. No request for exclusion will be considered valid unless all of the information described above is included in any such request. No further opportunity to request exclusion will be given in this Action.

## VIII.    THE RIGHTS OF CLASS MEMBERS

If you are a Class Member, you have the following options:

1.    You may file a Proof of Claim and Release form by June 24, 2013. If you submit a Proof of Claim and Release form, you will share in the proceeds of the proposed Settlement if your claim is valid and if the proposed Settlement is finally approved by the Court. In addition, you will be bound by the Judgment and release described below.

- 11 -

822814_6

2.     If you have not timely and validly requested exclusion from the Class (see Section VII above), you may object to the Settlement by submitting a written objection by May 15, 2013. However, if your objection is rejected, you will be bound by the Settlement and the Judgment just as if you had not objected.

3.     You may do nothing at all.  If you choose this option, you will not share in the proceeds of the Settlement, but you will be bound by any judgment entered by the Court in connection with the Settlement, and you shall be deemed to have, and by operation of the Judgment shall have, fully released all of the Released Claims against the Released Persons.

4.     If you are a Class Member, you may, but are not required to, enter an appearance through counsel of your own choosing at your own expense.  If you do not do so, you will be represented by Lead Counsel, who are:

Samuel H. Rudman
Evan J. Kaufman
ROBBINS GELLER RUDMAN & DOWD LLP
58 South Service Road, Suite 200
Melville, NY 11747

*Counsel for Lead Plaintiff*

You will not be charged personally for the services of Lead Counsel.

## IX.    PLAN OF DISTRIBUTION

The Net Settlement Fund will be distributed to Class Members who submit valid, timely Proof of Claim and Release forms ("Authorized Claimants") under the Plan of Distribution described below. The Plan of Distribution provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have a net loss arising out of all transactions in Lockheed Martin shares during the Class Period.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

- 12 -

822814_6

For purposes of determining the amount an Authorized Claimant may recover under the Plan of Distribution, Lead Counsel have consulted with their damage consultant. The Plan of Distribution reflects an assessment of the damages that could have been recovered as well as Lead Counsel's assessment of the likelihood of establishing liability for various periods of the Class.

To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below. If, however, and as is more likely, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants. Payment in this manner shall be deemed conclusive against all Authorized Claimants.

The total of all profits shall be subtracted from the total of all losses from transactions during the Class Period to determine if a Class Member has a claim. Only if a Class Member had a net loss, after all profits from transactions in Lockheed Martin shares during the Class Period are subtracted from all losses, will such Class Member be eligible to receive a distribution from the Net Settlement Fund.

1.      For shares of Lockheed Martin common stock that were purchased from April 21, 2009 through July 20, 2009, and

(a)      sold prior to July 21, 2009, the claim per share is $0;

(b)      sold from July 21, 2009 through October 16, 2009, the claim per share is the lesser of:

(i)      inflation per share at the time of purchase (see Table A), or

- 13 -

(ii) purchase price per share less 90-Day Moving Average on the date of sale (see Table A);

 (c) retained at the end of October 16, 2009, the claim per share is the lesser of:

  (i) inflation per share at the time of purchase (see Table A), or

  (ii) purchase price per share less $75.59 (90-day Moving Average through October 16, 2009, see Table A).

 2. For shares of Lockheed Martin common stock that were purchased on July 21, 2009, and

 (a) sold on July 21, 2009, the claim per share is 10 percent of: (i) the purchase price per share, less (ii) the sales price per share;

 (b) retained at the end of July 21, 2009, the claim per share is 10 percent of: (i) the purchase price per share, less (ii) $75.13 (July 21, 2009 Closing Price).

### Table A: Daily Inflation and 90-Day Moving Average

| Date | Closing Price | Inflation | 90-Day Moving Average |
|---|---|---|---|
| 4/21/2009 | $76.04 | $6.47 | |
| 4/22/2009 | $74.85 | $6.37 | |
| 4/23/2009 | $77.36 | $6.58 | |
| 4/24/2009 | $77.08 | $6.56 | |
| 4/27/2009 | $78.06 | $6.64 | |
| 4/28/2009 | $77.13 | $6.56 | |
| 4/29/2009 | $79.08 | $6.73 | |
| 4/30/2009 | $78.53 | $6.68 | |
| 5/1/2009 | $81.59 | $6.94 | |
| 5/4/2009 | $80.34 | $6.83 | |
| 5/5/2009 | $79.68 | $6.78 | |
| 5/6/2009 | $80.48 | $6.85 | |
| 5/7/2009 | $79.68 | $6.78 | |
| 5/8/2009 | $82.46 | $7.01 | |
| 5/11/2009 | $80.35 | $6.83 | |
| 5/12/2009 | $81.61 | $6.94 | |

| Date | Closing Price | Inflation | 90-Day Moving Average |
|---|---|---|---|
| 5/13/2009 | $80.53 | $6.85 | |
| 5/14/2009 | $80.87 | $6.88 | |
| 5/15/2009 | $79.93 | $6.80 | |
| 5/18/2009 | $80.55 | $6.85 | |
| 5/19/2009 | $80.54 | $6.85 | |
| 5/20/2009 | $82.48 | $7.02 | |
| 5/21/2009 | $81.48 | $6.93 | |
| 5/22/2009 | $81.44 | $6.93 | |
| 5/26/2009 | $83.26 | $7.08 | |
| 5/27/2009 | $81.78 | $6.96 | |
| 5/28/2009 | $82.99 | $7.11 | |
| 5/29/2009 | $83.63 | $7.16 | |
| 6/1/2009 | $84.16 | $7.21 | |
| 6/2/2009 | $84.37 | $7.23 | |
| 6/3/2009 | $83.24 | $7.13 | |
| 6/4/2009 | $84.50 | $7.24 | |
| 6/5/2009 | $86.17 | $7.38 | |
| 6/8/2009 | $85.85 | $7.35 | |
| 6/9/2009 | $84.01 | $7.20 | |
| 6/10/2009 | $82.93 | $7.10 | |
| 6/11/2009 | $82.22 | $7.04 | |
| 6/12/2009 | $82.77 | $7.09 | |
| 6/15/2009 | $82.07 | $7.03 | |
| 6/16/2009 | $81.81 | $7.01 | |
| 6/17/2009 | $82.05 | $7.03 | |
| 6/18/2009 | $83.49 | $7.15 | |
| 6/19/2009 | $82.55 | $7.07 | |
| 6/22/2009 | $81.48 | $6.98 | |
| 6/23/2009 | $81.35 | $6.97 | |
| 6/24/2009 | $79.52 | $6.81 | |
| 6/25/2009 | $81.13 | $6.95 | |
| 6/26/2009 | $80.97 | $6.93 | |
| 6/29/2009 | $82.04 | $7.03 | |
| 6/30/2009 | $80.65 | $6.91 | |
| 7/1/2009 | $80.64 | $6.91 | |
| 7/2/2009 | $79.52 | $6.81 | |
| 7/6/2009 | $80.50 | $6.89 | |
| 7/7/2009 | $78.00 | $6.68 | |
| 7/8/2009 | $78.40 | $6.71 | |

- 15 -

| Date | Closing Price | Inflation | 90-Day Moving Average |
|------|--------------|-----------|----------------------|
| 7/9/2009 | $78.28 | $6.70 | |
| 7/10/2009 | $77.91 | $6.67 | |
| 7/13/2009 | $80.00 | $6.85 | |
| 7/14/2009 | $81.19 | $6.95 | |
| 7/15/2009 | $81.25 | $6.96 | |
| 7/16/2009 | $82.49 | $7.07 | |
| 7/17/2009 | $81.09 | $6.95 | |
| 7/20/2009 | $82.11 | $7.03 | |
| 7/21/2009 | $75.13 | $0.00 | $75.13 |
| 7/22/2009 | $76.25 | | $75.69 |
| 7/23/2009 | $75.35 | | $75.58 |
| 7/24/2009 | $74.08 | | $75.20 |
| 7/27/2009 | $74.55 | | $75.07 |
| 7/28/2009 | $75.07 | | $75.07 |
| 7/29/2009 | $74.71 | | $75.02 |
| 7/30/2009 | $74.65 | | $74.97 |
| 7/31/2009 | $74.76 | | $74.95 |
| 8/3/2009 | $75.75 | | $75.03 |
| 8/4/2009 | $75.47 | | $75.07 |
| 8/5/2009 | $74.32 | | $75.01 |
| 8/6/2009 | $75.70 | | $75.06 |
| 8/7/2009 | $76.76 | | $75.18 |
| 8/10/2009 | $76.12 | | $75.24 |
| 8/11/2009 | $75.21 | | $75.24 |
| 8/12/2009 | $75.65 | | $75.27 |
| 8/13/2009 | $75.40 | | $75.27 |
| 8/14/2009 | $74.59 | | $75.24 |
| 8/17/2009 | $73.96 | | $75.17 |
| 8/18/2009 | $74.10 | | $75.12 |
| 8/19/2009 | $73.74 | | $75.06 |
| 8/20/2009 | $74.62 | | $75.04 |
| 8/21/2009 | $74.92 | | $75.04 |
| 8/24/2009 | $74.71 | | $75.02 |
| 8/25/2009 | $74.43 | | $75.00 |
| 8/26/2009 | $74.58 | | $74.98 |
| 8/27/2009 | $75.54 | | $75.00 |
| 8/28/2009 | $74.95 | | $75.00 |
| 8/31/2009 | $74.98 | | $75.00 |
| 9/1/2009 | $75.60 | | $75.02 |

- 16 -

| Date | Closing Price | Inflation | 90-Day Moving Average |
|---|---|---|---|
| 9/2/2009 | $74.56 | | $75.01 |
| 9/3/2009 | $74.88 | | $75.00 |
| 9/4/2009 | $75.28 | | $75.01 |
| 9/8/2009 | $74.17 | | $74.99 |
| 9/9/2009 | $73.13 | | $74.94 |
| 9/10/2009 | $73.56 | | $74.90 |
| 9/11/2009 | $75.64 | | $74.92 |
| 9/14/2009 | $75.59 | | $74.93 |
| 9/15/2009 | $75.70 | | $74.95 |
| 9/16/2009 | $76.16 | | $74.98 |
| 9/17/2009 | $79.56 | | $75.09 |
| 9/18/2009 | $80.08 | | $75.21 |
| 9/21/2009 | $79.24 | | $75.30 |
| 9/22/2009 | $79.56 | | $75.39 |
| 9/23/2009 | $78.83 | | $75.47 |
| 9/24/2009 | $76.95 | | $75.50 |
| 9/25/2009 | $77.89 | | $75.55 |
| 9/28/2009 | $78.40 | | $75.61 |
| 9/29/2009 | $79.05 | | $75.68 |
| 9/30/2009 | $78.08 | | $75.72 |
| 10/1/2009 | $76.61 | | $75.74 |
| 10/2/2009 | $75.37 | | $75.73 |
| 10/5/2009 | $74.99 | | $75.72 |
| 10/6/2009 | $76.18 | | $75.73 |
| 10/7/2009 | $74.03 | | $75.70 |
| 10/8/2009 | $73.00 | | $75.65 |
| 10/9/2009 | $75.82 | | $75.65 |
| 10/12/2009 | $74.42 | | $75.63 |
| 10/13/2009 | $74.10 | | $75.61 |
| 10/14/2009 | $75.15 | | $75.60 |
| 10/15/2009 | $74.87 | | $75.59 |
| 10/16/2009 | $75.44 | | $75.59 |

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date. The determination of the price paid per share and the price received per share, shall be exclusive of all commissions, taxes, fees, and charges.

- 17 -

For Class Members who made multiple purchases or sales during the Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases, and sales for purposes of calculating a claim.   Under the FIFO method, sales of shares during the Class Period will be matched, in chronological order, first against shares held at the beginning of the Class Period.   The remaining sales of shares during the Class Period will then be matched, in chronological order, against shares purchased during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if such Class Member had a net loss, after all profits from transactions in Lockheed Martin shares during the Class Period are subtracted from all losses.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

## X.   DISMISSAL AND RELEASES

If the proposed Settlement is approved, the Court will enter a final Judgment.   The Judgment will dismiss the Released Claims with prejudice as to all Defendants as provided in the Settlement Agreement.

The Judgment will provide that all Class Members who have not validly and timely requested to be excluded from the Class shall be deemed to have released and forever discharged all Released Claims (to the extent members of the Class have such claims) against all Released Persons as provided in the Settlement Agreement.

"Released Claims" means any and all claims, whether known or unknown (including, but not limited to, "Unknown Claims"), arising from both the purchase of Lockheed Martin common stock during the Class Period and the acts, facts, statements or omissions that were asserted or could have been asserted in the Action by Lead Plaintiff or members of the Class, whether brought directly,

- 18 -

derivatively, or in any other capacity, against the Released Persons under federal, state, or any other law.

"Released Persons" means each and all of Defendants and each and all of their respective present or former parents, subsidiaries, affiliates (as defined in 17 C.F.R. §210.1-02(b)), successors and assigns, and each and all of the respective present or former officers, directors, employees, employers, attorneys, accountants, financial advisors, commercial bank lenders, insurers, investment bankers, representatives, general and limited partners and partnerships, any trust of which any Defendant is a settlor, trustee or beneficiary, heirs, executors, administrators, successors, affiliates, and assigns of each of them.

"Unknown Claims" means any Released Claims which Lead Plaintiff or any Class Members do not know or suspect, or should have known or suspected, to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitted by law the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiff shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law,

- 19 -

which is similar, comparable, or equivalent to California Civil Code §1542. Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

## XI. APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

At the Settlement Hearing, Lead Counsel will request the Court to award attorneys' fees of up to 33% of the Settlement Fund, plus expenses not to exceed $1 million, plus interest on both. The Court will determine the amount to be awarded to Lead Counsel. In addition, the Lead Plaintiff may seek its expenses incurred in representing the Class in the Action, in an amount not to exceed $2,264.20. Class Members are not personally liable for any such fees, expenses, or compensation.

To date, Lead Counsel have not received any payment for their services in conducting this Action on behalf of Lead Plaintiff and the members of the Class, nor have counsel been paid for their expenses. The fee requested by Lead Counsel would compensate counsel for their efforts in achieving the Settlement Fund for the benefit of the Class, and for their risk in undertaking this

- 20 -

representation on a contingency basis. The fee requested is within the range of fees awarded to plaintiffs' counsel under similar circumstances in litigation of this type. All such awards shall be subject to the approval of the Court.

## XII.   CONDITIONS FOR SETTLEMENT

The Settlement is conditioned upon the occurrence of certain events described in the Settlement Agreement. Those events include, among other things: (1) entry of the Judgment by the Court, as provided for in the Settlement Agreement; and (2) expiration of the time to appeal from or alter or amend the Judgment. Pending the Court's consideration of this Settlement, the Court has stayed all proceedings, and Class Members are precluded from bringing or pursuing any litigation that seeks to prosecute the Released Claims.

If, for any reason, any one of the conditions described in the Settlement Agreement is not met, the Settlement Agreement might be terminated and, if terminated, will become null and void, and the Settling Parties to the Settlement Agreement will be restored to their respective positions as of December 14, 2012.

## XIII.   THE RIGHT TO OBJECT AND BE HEARD AT THE HEARING

Any Class Member who has not validly and timely requested to be excluded from the Class, and who objects to any aspect of the Settlement, the Plan of Distribution, or the application for attorneys' fees and expenses or Lead Plaintiff's expenses may appear and be heard at the Settlement Hearing.[1] Any such Person must submit and serve a written notice of objection, to be received on or before May 15, 2013, by each of the following:

---

[1]   Lead Counsel's pleadings in support of these matters will be filed with the Court on or before May 1, 2013.

- 21 -

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY  10007

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
EVAN J. KAUFMAN
58 South Service Road, Suite 200
Melville, NY  11747

ROBBINS GELLER RUDMAN
  & DOWD LLP
HELEN J. HODGES
655 West Broadway, Suite 1900
San Diego, CA  92101

Counsel for Lead Plaintiff

DLA PIPER US LLP
JAMES D. WAREHAM
JOHN M. HILLEBRECHT
1251 Avenue of the Americas
New York, NY  10020-1104

Attorneys for Lockheed Martin
and the Individual Defendants

The notice of objection must demonstrate the objecting Person's membership in the Class,

including the number of Lockheed Martin shares purchased and sold during the Class Period, and

contain a statement of the reasons for objection.  Only Class Members who have submitted written

notices of objection in this manner will be entitled to be heard at the Settlement Hearing, unless the

Court orders otherwise.

If you wish to attend the Settlement Hearing in person and speak to the Court, you must ask

the Court for permission.  To do so, you must submit a written statement noting your intention to

- 22 -

822814_6

appear at the Settlement Hearing to the persons noted above so that it is received on or before May 15, 2013.

## XIV. SPECIAL NOTICE TO BANKS, BROKERS AND OTHER NOMINEES

If you hold or held any Lockheed Martin shares purchased during the Class Period as nominee for a beneficial owner, THE COURT HAS DIRECTED THAT WITHIN SEVEN (7) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE, you must either: (1) send a copy of this Notice and the Proof of Claim and Release form by First-Class Mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

> *Lockheed Martin Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 990
> Corte Madera, CA  94976-0990

If you choose to mail the Notice and Proof of Claim and Release form yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing. Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for, or advancement of, reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and Proof of Claim and Release form and which would not have been incurred but for the obligation to forward the Notice and Proof of Claim and Release form, upon submission of appropriate documentation to the Claims Administrator.

## XV. EXAMINATION OF PAPERS

This Notice is a summary and does not describe all of the details of the Settlement Agreement. For full details of the matters discussed in this Notice, you may review the Settlement Agreement filed with the Court, which may be inspected during business hours, at the office of the

- 23 -

Clerk of the Court, United States District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007.  The motion papers, with exhibits, including the Settlement Agreement, are also available on the Court's ECF website (for a fee).  Certain papers relating to the Settlement, including the Settlement Agreement, are also available at the Claims Administrator's website www.gilardi.com.

If you have any questions about the Settlement of the Action, you may contact a representative of Lead Counsel: Rick Nelson, c/o Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA  92101, 1-800-449-4900.

**PLEASE DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE**

DATED: _____  _____        _____  _____  _____

THE HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

- 24 -

822814_6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
CITY OF PONTIAC GENERAL                    :    Civil Action No. 1:11-cv-05026-JSR
EMPLOYEES' RETIREMENT SYSTEM,              :
Individually and on Behalf of All Others   :    CLASS ACTION
Similarly Situated,                        :
                                           :    PROOF OF CLAIM AND RELEASE
                        Plaintiff,         :
                                           :    EXHIBIT A-2
        vs.                                :
                                           :
LOCKHEED MARTIN CORPORATION, et            :
al.,                                       :
                                           :
                        Defendants.        :
                                           :
———————————————————— x

799183_6

## I.   GENERAL INSTRUCTIONS

1.   To recover as a member of the Class based on your claims in the action entitled *City of Pontiac General Employees' Retirement System v. Lockheed Martin Corporation, et al.*, Civil Action No. 1: 11-cv-05026-JSR (the "Action"), you must complete and, on page __ hereof, sign this Proof of Claim and Release form. If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release form, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Action.

2.   Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of the Settlement of the Action.

3.   YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE JUNE 24, 2013, ADDRESSED AS FOLLOWS:

> *Lockheed Martin Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 990
> Corte Madera, CA  94976-0990

If you are NOT a member of the Class (as defined in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice")), DO NOT submit a Proof of Claim and Release form.

4.   If you are a member of the Class and you do not timely request exclusion in connection with the proposed Settlement, you will be bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

- 1 -

## II.    CLAIMANT IDENTIFICATION

If you purchased Lockheed Martin Corporation ("Lockheed Martin") common stock and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased Lockheed Martin common stock and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of the Lockheed Martin common stock which forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S), OF THE LOCKHEED MARTIN COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Class Member (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions

- 2 -

in electronic files. All claimants MUST submit a manually signed paper Proof of Claim and Release form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at 1-877-257-1075 or visit their website at www.gilardi.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgement of receipt and acceptance of electronically submitted data.

### III. CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Lockheed Martin Common Stock" to supply all required details of your transaction(s) in Lockheed Martin common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases of Lockheed Martin common stock which took place at any time between April 21, 2009 and July 21, 2009, inclusive (the "Class Period"), and *all* of your sales of Lockheed Martin common stock which took place at any time between April 21, 2009 and October 16, 2009, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to *all* of the Lockheed Martin common stock you held at the close of trading on April 20, 2009, July 21, 2009 and October 16, 2009. Failure to report all such transactions may result in the rejection of your claim.

List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day and year of each transaction you list.

- 3 -

799183_6

The date of covering a "short sale" is deemed to be the date of purchase of Lockheed Martin common stock.  The date of a "short sale" is deemed to be the date of sale of Lockheed Martin common stock.

Copies of stockbroker confirmation slips, stockbroker statements, or other documents evidencing your transactions in Lockheed Martin common stock should be attached to your claim.  If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

- 4 -

799183_6

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

*City of Pontiac General Employees' Retirement System v. Lockheed Martin Corporation, et al.,*

Civil Action No. 1:11-cv-05026-JSR

PROOF OF CLAIM AND RELEASE

Must Be Postmarked No Later Than:

June 24, 2013

Please Type or Print

PART I:     CLAIMANT IDENTIFICATION

Beneficial Owner's Name (First, Middle, Last)

Street Address

City                                                    State or Province

Zip Code or Postal Code                    Country

                                                                    Individual
Social Security Number or                        Corporation/Other
Taxpayer Identification Number

Area Code          Telephone Number (work)

Area Code          Telephone Number (home)

Record Owner's Name (if different from beneficial owner listed above)

- 5 -

799183_6

PART II:        SCHEDULE OF TRANSACTIONS IN LOCKHEED MARTIN COMMON STOCK

A.      Number of shares of Lockheed Martin common stock held at the close of trading on April 20, 2009: _____

B.      Purchases of Lockheed Martin common stock made during the time period April 21, 2009 through and including July 21, 2009:

| Trade Date Month Day Year | Number of Shares of Stock Purchased | Total Purchase Price |
|---|---|---|
| 1. _____ <br> 2. _____ <br> 3. _____ | 1. _____ <br> 2. _____ <br> 3. _____ | 1. _____ <br> 2. _____ <br> 3. _____ |

IMPORTANT: Identify by number listed above all purchases in which you covered a "short sale": _____

C.      Sales of Lockheed Martin common stock during the time period April 21, 2009 through and including October 16, 2009.

| Trade Date Month Day Year | Number of Shares of Stock Sold | Total Sales Price |
|---|---|---|
| 1. _____ <br> 2. _____ <br> 3. _____ | 1. _____ <br> 2. _____ <br> 3. _____ | 1. _____ <br> 2. _____ <br> 3. _____ |

D.      Number of shares of Lockheed Martin common stock held at the close of trading on July 21, 2009: _____. Number of shares of Lockheed Martin common stock held at the close of trading on October 16, 2009: _____.

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

**YOUR   SIGNATURE   ON   PAGE   __   WILL   CONSTITUTE   YOUR ACKNOWLEDGMENT OF THE RELEASE.**

- 6 -

799183_6

IV.   **SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release form under the terms of the Settlement Agreement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim covering the same purchases or sales of Lockheed Martin common stock during the Class Period and know of no other person having done so on my (our) behalf.

V.   **RELEASE**

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Released Claims each and all of the Released Persons as provided in the Settlement Agreement.

2.      "Released Claims" means any and all claims, whether known or unknown (including, but not limited to, "Unknown Claims"), arising from both the purchase of Lockheed Martin common stock during the Class Period and the acts, facts, statements or omissions that were asserted or could have been asserted in the Action by Lead Plaintiff or members of the Class, whether brought directly, derivatively, or in any other capacity, against the Released Persons under federal, state, or any other law.

3.      "Released Persons" means each and all of Defendants and each and all of their respective present or former parents, subsidiaries, affiliates (as defined in 17 C.F.R. §210.1-02(b)), successors and assigns, and each and all of the respective present or former officers, directors,

- 7 -

employees, employers, attorneys, accountants, financial advisors, commercial bank lenders, insurers, investment bankers, representatives, general and limited partners and partnerships, any trust of which any Defendant is a settlor, trustee or beneficiary, heirs, executors, administrators, successors, affiliates, and assigns of each of them.

4.      "Unknown Claims" means any Released Claims which Lead Plaintiff or any Class Members do not know or suspect, or should have known or suspected, to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitted by law the provisions, rights, and benefits of California Civil Code §1542, which provides:

>    **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiff shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and

- 8 -

all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

5.     This release shall be of no force or effect unless and until the Court approves the Settlement Agreement and the Settlement becomes effective on the Effective Date.

6.     I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

7.     I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Lockheed Martin common stock which occurred during the Class Period as well as the number of shares of Lockheed Martin common stock held by me (us) at the close of trading on July 21, 2009, as well as the number of shares of Lockheed Martin common stock held by me (us) at the close of trading on October 16, 2009.

8.     I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

Note:  If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

- 9 -

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____

(Month/Year)

in _____

(City)                                          (State/Country)

_____

(Sign your name here)

_____

(Type or print your name here)

_____

(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser,
Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.    Please sign the above release and declaration.

2.    Remember to attach supporting documentation, if available.

3.    Do not send original stock certificates.

4.    Keep a copy of your claim form for your records.

5.    If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6.    If you move, please send us your new address.

- 10 -

799183_6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————— x

CITY OF PONTIAC GENERAL    :    Civil Action No. 1:11-cv-05026-JSR
EMPLOYEES' RETIREMENT SYSTEM,   :
Individually and on Behalf of All Others   :    CLASS ACTION
Similarly Situated,    :
   :    SUMMARY NOTICE
                    Plaintiff,   :
   :    EXHIBIT A-3
      vs.   :
   :
LOCKHEED MARTIN CORPORATION, et   :
al.,   :
   :
               Defendants.   :
   :

——————————————————— x

799188_5

TO:   ALL PERSONS WHO PURCHASED THE COMMON STOCK OF LOCKHEED MARTIN
      CORPORATION ("LOCKHEED MARTIN" OR THE "COMPANY") BETWEEN APRIL
      21, 2009 AND JULY 21, 2009, INCLUSIVE (THE "CLASS PERIOD")

YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States District

Court for the Southern District of New York, a hearing will be held on June 3, 2013, at 4:00 p.m.,

before the Honorable Jed S. Rakoff, at the Daniel Patrick Moynihan United States Courthouse,

Courtroom 14B, 500 Pearl Street, New York, NY 10007, for the purpose of determining (1) whether

the proposed Settlement of the Action for the sum of Nineteen Million Five Hundred Thousand

Dollars ($19,500,000.00) in cash should be approved by the Court as fair, reasonable, and adequate;

(2) whether, thereafter, this Action should be dismissed with prejudice against Defendants as set

forth in the Settlement Agreement dated February 15, 2013; (3) whether the Plan of Distribution of

settlement proceeds is fair, reasonable and adequate, and therefore should be approved; and (4) the

reasonableness of the application of Lead Counsel for the payment of attorneys' fees and expenses,

together with interest thereon, and payment to Lead Plaintiff for its expenses incurred representing

the Class.

If you purchased Lockheed Martin common stock during the period April 21, 2009 through

July 21, 2009, inclusive, your rights may be affected by this Action and the Settlement thereof.  If

you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action and a

copy of the Proof of Claim and Release form, you may obtain copies by writing to *Lockheed Martin*

*Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 990, Corte Madera,

CA 94976-0990, or by downloading this information at www.gilardi.com.  If you are a Class

Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of

Claim and Release form postmarked no later than June 24, 2013, establishing that you are entitled to

799188_5

a recovery. You will be bound by any judgment rendered in the Action unless you request to be

excluded, in writing, to the above address, postmarked by May 15, 2013.

Any objection to any aspect of the Settlement must be filed with the Clerk of the Court no

later than May 15, 2013, and received by the following no later than May 15, 2013:

>ROBBINS GELLER RUDMAN
>  & DOWD LLP
>HELEN J. HODGES
>655 West Broadway, Suite 1900
>San Diego, CA 92101

>ROBBINS GELLER RUDMAN
>  & DOWD LLP
>SAMUEL H. RUDMAN
>EVAN J. KAUFMAN
>58 South Service Road, Suite 200
>Melville, NY 11747

>Counsel for Lead Plaintiff

>DLA PIPER US LLP
>JAMES D. WAREHAM
>JOHN M. HILLEBRECHT
>1251 Avenue of the Americas
>New York, NY 10020-1104

>Attorneys for Defendants Lockheed Martin
>and the Individual Defendants

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING

THIS NOTICE.

DATED: _____, 2013    BY ORDER OF THE COURT
                                   UNITED STATES DISTRICT COURT
                                   SOUTHERN DISTRICT OF NEW YORK

799188_5